REYNOLDS, Respondent, v. SMITH, Appellant.

St. Louis Court of Appeals, February 19, 1907.

1. **CHATTEL MORTGAGES:** Recording Chattel Mortgage: Residence of Mortgagor. A chattel mortgage must be recorded in the county in which the mortgagor resides, otherwise it would be invalid as against a subsequent mortgagee. (Section 3404, Revised Statutes 1899.)

2. ————: ————: ————. In an action of replevin by the mortgagee of a chattel mortgage to recover possession of the property mortgaged the evidence is examined, and *held*: at the time of the execution of the mortgage under which the plaintiff claimed, the county where the same was recorded was not the place where his family resided permanently within the meaning of section 4160, Revised Statutes 1899, so that plaintiff's mortgage was invalid as against a subsequent mortgage recorded in the county of the mortgagor's residence.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED.

*Joe Tall, Frank J. Duvall* and *Elliott W. Major* for appellant.

(1)   The seventeenth subdivision of the section cited below defines it to be, "the place where the family of any person shall permanently reside in this State." We start out then with the premise, that where the family of E. P. Triplett permanently resided, there the law fixes his residence. R. S. 1899, sec. 4160. Now section

3404, Revised Statutes 1899, requires the filing of the mortgage in the county where the mortgagor resides. This mortgage reciting the fact and containing the solemn admission of Triplett's residence being in Pike county, and plaintiff taking and accepting same with notice of that fact must file same for record in Pike county. Deane v. Transit Co., 192 Mo. 575; De Maet v. Fidelity Co., 121 Mo. App. 92, 96 S. W. 1045. (2) The whole evidence does not help plaintiff any, because there was no evidence of Triplett's family permanently residing in any other county than Pike county; neither was there evidence tending to prove anything to the contrary. Again plaintiff having introduced the mortgage in evidence is bound by the recital of Triplett's residence in Pike county, because it is an admission against his interests and must be taken as true. Erwin v. Railroad, 94 Mo. App. 297; Feary v. Railroad, 162 Mo. 105. (3) In view of all the evidence there is not a scintilla of evidence of Triplett's residence in Lincoln county December 5, 1904, and defendant's demurrers should have been sustained. Long v. Moon, 107 Mo. 339; Caldwell v. Railroad, 181 Mo. 461; Avery v. Fitzgerrel, 94 Mo. 207; Jackson v. Hardin, 83 Mo. 175; Payne v. Railroad, 136 Mo. 562.

*Ball & Sparrow* for respondent.

On the question of residence. Hamill v. Talbott, 81 Mo. App. 216; State ex rel. v. Smith, 64 Mo. App. 313; Johnson v. Smith, 43 Mo. 499; State ex rel. v. Dayton, 77 Mo. 678; Venuci v. Cadematori, 59 Mo. 352; Bensley v. Harberle, 20 Mo. App. 648; Rhodes v. Farish, 16 Mo. App. 430; Teller v. Abernathy, 38 Mo. 196; Miller v. Tyler, 61 Mo. 401.

GOODE, J.—On December 5, 1904, E. P. Triplett executed a chattel mortgage on a saw mill and appliances to plaintiff. The mortgaged property was at that time, it seems, in Lincoln county, but the sale of it, in

case of default, was authorized to be at Paynesville, Calumet township, in Pike county. Said mortgage described Triplett as of Pike county. On April 15, 1905, Triplett executed a mortgage on the saw mill property to the Southwestern Port Huron Company. Subsequently the saw mill was taken possession of under the second mortgage for the benefit of the mortgagee, and this action of replevin was instituted by Reynolds to obtain possession on the theory that his mortgage was prior in point of time and created a first lien. Reynolds recorded his mortgage in Lincoln county and the Southwestern Port Huron Company recorded its mortgage in Pike county. It is contended that the Reynolds mortgage is invalid as against the Port Huron Company's and must be postponed to said company's mortgage because Triplett resided in Pike county at the time he executed the mortgage to Reynolds and the latter, instead of recording his security in Pike county, the place of Triplett's residence, recorded it in Lincoln county. If, in point of fact, Triplett resided in Pike county on December 5, 1904, the date of the Reynolds mortgage, it was invalid as to the Port Huron Company. [R. S. 1899, sec. 3404.] But the contention of the plaintiff is that he resided at that date in Lincoln county. The court submitted the question of where Triplett's residence was to the jury and the sole question for decision on this appeal is whether or not the evidence conclusively showed his residence to be in Pike county so that the court should have directed a verdict for the defendant. Prior to the fall of 1904, Triplett had for several years moved about a great deal in Lincoln and Pike counties, but even during those years the evidence strongly goes to show his real place of residence, or at least the place to which he returned after his frequent sojourns elsewhere, was in the village of Annada, in Pike county. He operated a saw mill, which he moved from one place to another wherever he could get a job of sawing timber, sometimes taking his family

with him and sometimes leaving them at Annada. When the family were with him at the place where the saw mill was, they lived in a tent. Sometime prior to the fall of 1904, Triplett had bought or built a small house in Annada for a home. In February of that year, the mill was near Whiteside, in Lincoln county, and for six or seven months, Triplett stayed there in a tent, perhaps having his family with him part of the time. There might be a doubt about whether he had a permanent residence in Pike county prior to September, 1904, in the statutory sense; that is, a place where his family resided permanently. [R. S. 1899, sec. 4160, par. 17.] But he and all the other witnesses agree that in September, 1904, he went back to Annada, and from that time on has been living in his house, and unquestionably was living there December 5, 1904, when he executed the mortgage to Reynolds. He voted in Pike county that year, his children attended school there and he had a home at Annada and has made it his home ever since. Triplett, whose testimony is the most favorable to plaintiff of all the witnesses, said positively that in the fall of 1904, he was living in Annada. Several attentive perusals of the testimony have convinced us the evidence showed conclusively Triplett's place of residence at the date of the Reynolds mortgage was in Pike county and, hence, as the instrument was not recorded there, it was invalid as against the mortgage given to the Port Huron Company. Therefore the judgment will be reversed. All concur.