McQUEEN et al. v. TENISON. (No. 7393.)

(Court of Civil Appeals of Texas. Dallas. June 12, 1915. Rehearing Denied July 3, 1915.)

CHATTEL MORTGAGES &51 — RECORD — CONSTRUCTIVE NOTICE—DESCRIPTION.

A recorded chattel mortgage of one "Maxwell 4-passenger automobile, factory No. 32466," was not such a description as to charge the purchaser of a "five-passenger Maxwell automobile, model 1–3 car, No. 2466," with notice that the car purchased was the one covered by the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 104; Dec. Dig. &51.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by H. L. Tenison against W. L. McQueen and others. Judgment for plaintiff, and defendants appeal. Reversed, and judgment rendered for appellant McQueen.

Chas. F. Clint, D. B. Eades, and Eric Eades, all of Dallas, for appellants. W. P. Donalson and W. T. Whitehurst, both of Dallas, for appellee.

RAINEY, C. J. The appellee Tenison took a mortgage on one "Maxwell" four-passenger automobile, factory No. 32466, to secure a promissory note for the sum of $586.60, executed by the Dallas Automobile Clearing House Association, a corporation. Default having been made in the payment of said note, Tenison sued the Dallas Automobile Clearing House Association, H. W. Sanders, and W. L. McQueen, to recover on said note and to foreclose said mortgage, and sued out a writ of sequestration, which was levied on a machine described as "a five-passenger Maxwell automobile, model 1–3, car No. 2466," which was purchased by McQueen from said Dallas Automobile Clearing House Association. McQueen pleaded, denying the right of foreclosure, that he bought the car levied on in good faith for value; that he had no knowledge, either actual or constructive, of said mortgage; that the description in the mortgage is different from the car levied on; that said mortgage was void as to him, in that said car was, at the time he

purchased, being exposed for sale by said association, which was doing a retail business in secondhand cars by purchase and sale, and said car was in the salesroom of said association, among a great many other cars daily exposed for sale. McQueen reconvened for damages for the use of the car, etc. A trial by the court without a jury resulted in a verdict for Tenison for his debt and for a foreclosure on the machine as against McQueen, from which judgment this appeal is taken.

The pivotal question in this case is: Is the description in the mortgage executed by the association to Tenison, though recorded, such as to put third persons on inquiry that the car in question was the one intended to be covered by the mortgage? If the car in controversy was the one covered by the mortgage, as between Tenison and the association it could be so shown, and upon the making of such proof Tenison would have the right to recover as against the association and Sanders. But as to the rights of a third party, said third party having intervened, a different proposition arises. McQueen having purchased the car without actual knowledge of Tenison's mortgage, was he charged with constructive knowledge by the record thereof? We think the evidence detailed by the record is insufficient to show that fact, even if the car in controversy is the one the parties intended to be covered by the mortgage. The car described in the mortgage is 1 "Maxwell 4-passenger automobile, factory No. 32466," while the car in controversy is a "five-passenger Maxwell automobile, model 1–3 car, No. 2466." The description of this car is so dissimilar to the car described in the mortgage that one inspecting the record would never for a moment think that the car in controversy was the one covered by the mortgage. There is some evidence attempting to show that the car in controversy was No. 32466, but, according to our view, it was so slight in probative force as to be of no weight. The evidence as to the car being numbered 2466 and a five-passenger car was so direct and positive as to be convincing that the car in controversy was not the one covered, or intended to be so covered, by the mortgage.

The judgment will be reversed, and judgment rendered for appellant McQueen.