HUMPHREYS SAVINGS BANK, Appellant, v. CLIFF CARPENTER and A. W. HART, Respondents.

In the Kansas City Court of Appeals, April 30, 1923.

1. **CHATTEL MORTGAGES: Liens: Chattel Mortgage Not Recorded in County Where Mortgagor Resided, Held Inferior to Second Mortgage Recorded in Proper County.** Under section 2256, Revised Statutes 1919, a chattel mortgage not recorded in the county where mortgagor resided, is inferior to a second mortgage recorded in the proper county.

2. ———: **Identity and Description of Property Covered by Mortgage Held Sufficient Between the Parties Thereto.** A description in chattel mortgage that identified property covered thereby as a Mitchell automobile, 1920 model, *held* sufficient as between the immediate parties, the automobile being the only one owned by mortgagor and the county of his residence and location of property being given in mortgage.

3. ———: **Where There is Sufficient Description of Property to Make a Valid Mortgage Between Parties, Such Description is Sufficient as Against Holder of Prior Unrecorded Mortgage.** Where there was a sufficient description of property to make a valid mortgage as between the parties to the instrument, the description is held sufficient as against holder of prior unrecorded mortgage.

4. ———: **The Fact That Holder of Second Mortgage Properly Recorded, Knew of Existence of Prior Unrecorded Mortgage, Did Not Make Second Mortgage Subject Thereto.** The fact that holder of a second mortgage, properly recorded, knew of existence of prior unrecorded mortgage covering same property described in second *mortgage, did not make second mortgage subject thereto.*

5. ———: **Alteration of Instruments: Held There Was Testimony Tending to Show Material Alteration of Chattel Mortgage.** Where mortgagor testified that mortgage he gave was to secure only $600, and the mortgage introduced in evidence showed that it was for $900, *held*, upon demurrer to the evidence, that there was for the court, sitting as a jury, testimony tending to show material alteration by mortgagee.

6. ———: ———: **Material Alteration of Chattel Mortgage Rendered Mortgage Absolutely Void.** A material alteration of chattel mortgage by mortgagee rendered mortgage absolutely void.

Appeal from the Circuit Court of Sullivan County.—
*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*L. A. Warden* for appellant.

*Calfee & House* for respondents.

BLAND, J.—This is an action to replevy an automobile. The cause was tried before the court without the aid of a jury. At the close of plaintiff's evidence the court sustained defendant's demurrer to the evidence and plaintiff has appealed.

The facts show that one Z. G. Beck on August 28, 1920, gave to the defendant Carpenter a chattel mortgage on the automobile in question. This mortgage was introduced in evidence and purported to secure the payment of two notes aggregating $900. This was a purchase money mortgage. It was not recorded in the county where Beck resided until October 22, 1920, which was after this suit was brought. On October 2, 1920, said Z. G. Beck and Myrtle Beck executed a chattel mortgage in favor of the plaintiff, describing various personal property including "one new Mitchell automobile, 1920 model ——horse power." The latter mortgage secured the mortgagors' note in the sum of $1148.70 and was recorded on the day of its execution in the county where the mortgagors resided. The automobile remained at all times in the possession of said Z. G. Beck until and subsequent to the execution of the latter mortgage when defendant Carpenter with two constables demanded possession of the automobile from the said Z. G. Beck, who turned it over to them.

On October 21, 1920, the automobile was in Carpenter's possession and plaintiff began this action, basing its right of possession upon its chattel mortgage. The said Beck at the trial testified that when he executed

the chattel mortgage to the bank he was renewing a note at the bank and that the bank's officer asked him if he could give it other security and Beck said he had nothing except an automobile; that he had already mortgaged the automobile to the defendant Carpenter for $600. Beck testified that he never gave Carpenter a mortgage for $900. The officer of the bank said that he would take the automobile subject to Carpenter's mortgage. Beck further testified that the automobile he mortgaged to plaintiff was the same as the one he mortgaged to the defendant Carpenter and that he owned no other automobile. He did not tell the bank that Carpenter's mortgage was a purchase money mortgage. Whether the indebtedness to the bank was originally contracted to the bank by Beck before he executed Carpenter's mortgage is not shown.

We think that the court erred in sustaining the demurrer to the evidence. Plaintiff's chattel mortgage was superior to Carpenter's as the latter was not recorded in the proper county. [Sec. 2256, R. S. 1919; Reynolds v. Smith, 123 Mo. App. 229.]

It is contended that plaintiff's mortgage does not identify the property except to show that it was a Mitchell automobile, 1920 model, of which there may have been thousands; that it does not give the number of the car nor where situated nor by whom owned. It may be that plaintiff's chattel mortgage does not contain a sufficient description of the subject of the mortgage if the rights of subsequent purchasers or mortgagees were involved. For in such cases the description of the property in the mortgage must be such that a third person, aided by inquiries that the instrument itself suggests, could identify the property. [Bozeman v. Fields, 44 Mo. App. 432, 435.] Plaintiff's mortgage was signed by Z. G. Beck and his wife and covered the only automobile that he owned. The residence of the Becks is given in the mortgage as Grundy County, Missouri. It was acknowledged and recorded in that county. It provided

that if the property was removed "from its present location" it should be sold at a place named, which was in Grundy County. The mortgage was also located in Grundy County and the debt payable there. This was a sufficient description to make a valid mortgage as between the parties to the instrument. [Dodson v. Dedman, 61 Mo. App. 209, 212, 213; Johnson v. Hutchinson, 81 Mo. App. 299; Swayne v. Tillotson, 148 Iowa, 501; Wilson v. Rustad, 66 Am. State Rep. 649; South Omaha National Bank v. Stewart, 75 Nebr. 716.] ". . . when the holder of an unrecorded chattel mortgage by failing to record it loses his right of priority, the only question as to the sufficiency of the description in another recorded mortgage thereafter given is whether it was sufficient as between the parties thereto." [11 C. J., p. 457; Bonneviere v. Cole, 90 Wash. 526.]

It is claimed by defendant that because the bank knew of Carpenter's chattel mortgage at the time its mortgage was executed, its mortgage was taken subject to Carpenter's mortgage. There is no merit in this contention. [Wilson v. Milligan, 75 Mo. 41; Rawlings v. Bean, 80 Mo. 614.] What would be the effect of the bank's agreement to take subject to Carpenter's mortgage although the latter was not recorded, we need not say for the agreement was to take subject to a $600 chattel mortgage, while the one shown in the record in favor of Carpenter is for $900 and Beck testified that the mortgage he gave to Carpenter was to secure only $600. Therefore, there was for the court, sitting as a jury, testimony tending to show that the Carpenter mortgage had been materially altered, and if it was, it was absolutely void. [Jones on Chattel Mortgages (5 Ed.) p. 47; Kelly v. Thuey, 143 Mo. 422.] This matter of alteration was pleaded by plaintiff. There was no contention that the alteration was an innocent one or that if it were it would not render the mortgage void, or that the alteration was made by a stranger. Defendant Carpenter claimed at the trial that his chattel mortgage

Stoll v. Adam Elec. Co.

originally secured $900 represented by two notes. Plaintiff's mortgage being good and defendant Carpenter's being void as having been materially altered (at least there being some evidence of the latter fact), the court should not have sustained defendants' demurrer to the evidence.

The judgment is reversed and the cause remanded. All concur.