[No. 19344. Department Two. June 30, 1925.]

DIAMOND IRON WORKS, *Respondent*, v. C. A. WERLEY, *Appellant*.[1]

SALES (175, 176)—CONDITIONAL SALES—DESCRIPTION OF PROPERTY —NOTICE. A conditional sales contract satisfies the requirements of Rem. Comp. Stat., § 3670, as to the description of the property, where the property sold was described as, "machinery as per plans and specifications submitted herewith," although no plans or specifications were attached to the copy filed, where such plans were attached to duplicates in the possession of each party, and inquiry would have disclosed the identity of the property.

Appeal from a judgment of the superior court for Pacific county, Abel, J., entered April 29, 1924, in favor of the plaintiff, in an action in replevin, after a trial to the court upon an agreed statement of facts. Affirmed.

*Fred M. Bond*, for appellant.

*Theo. B. Bruener* and *Welsh & Welsh*, for respondent.

MACKINTOSH, J.—In July, 1922, the respondent sold machinery under a conditional sale contract to the Willapa Harbor Lumber & Shingle Company. A memorandum of the sale was filed within the statutory time in the office of the auditor of Pacific county and was properly indexed as a conditional sale contract. This memorandum described the property as "machinery as per plans and specifications submitted herewith." This memorandum consisted of the proposition from the respondent and signed by it, addressed to the Willapa Harbor Lumber & Shingle Company. The proposition as filed did not have attached any plans and specifications, but it appears from the agreed find-

[1]Reported in 237 Pac. 313.

ings of fact that the plans and specifications were attached to the original contracts which were signed by the vendor and vendee, duplicates of which were in the possession of each. By the same findings of fact, it appears that the description of the machinery sold would apply to and fit only shingle mill machinery sold and delivered by the respondent. Thereafter the vendee became bankrupt and the trustee in bankruptcy, under proper orders of the court, sold all the assets of the estate to the appellant, who took possession of them, including the machinery originally sold by the respondent. The demand of the respondent for the return of the machinery being refused, it began this action in replevin to recover possession.

The sole question for determination is whether the filing of this memorandum of sale satisfied the requirements of § 3670, Rem. Comp. Stat. [P. C. § 451], so that the vendor's rights are protected and the appellant is not entitled as against it to possession of this property. The answer to this question depends upon whether the description of the property contained in the memorandum was sufficient.

This court has had occasion to pass upon the sufficiency of descriptions of personal property sold under conditional sale contracts, and the latest expression of its view of the matter is contained in *MacCallum-Donahoe Finance Co. v. Warren*, 122 Wash. 176, 210 Pac. 368, where the following appears:

"There is nothing in the conditional sales statutes above cited to require any specific description of personal property sold under conditional sale contract. It is a general rule, however, that the contract of conditional sale should properly identify the property, but it is not necessary that the description should be such as to identify the property without the aid of parol evidence. . . . We have therefore held in several cases . . . that defective descriptions or deficient

descriptions of chattels where the description in the conditional bill of sale is sufficient to generally describe the chattel, the conditional sales contract being duly filed within the proper time in the proper county, was sufficient to put an intending purchaser or mortgagee upon notice. *Mendenhall v. Kratz,* 14 Wash. 453, 44 Pac. 872. In the last case it was stated that 'any description in a mortgage is sufficient which will enable a stranger, aided by inquiries which the instrument suggests, to identify the property.' In the second *Wittler-Corbin Machinery Co.* case, *supra,* it was said that in the first appeal it had been decided that the memorandum was in all respects such as is contemplated by the statute, and would give constructive notice to any subsequent purchaser. It was further observed that, 'it would be a difficult matter to so minutely and particularly describe a given thing that it would mean the exclusion of all others of the same general class or species. This the law does not require.' "

It would appear, under the rule thus announced, that the description here is sufficient; for, from the description contained in the filed memorandum, the property could be identified by resorting to inquiries which an examination of the memorandum would suggest, and by the assistance of parol evidence, for the description is enough to enable a stranger, assisted by the inquiry which the instrument itself indicates, to identify the property. The law does not require that the identification should be had without the aid of inquiry or parol evidence. The memorandum says that a particular and detailed description of the machinery appears in the "plans and specifications submitted herewith," that is, submitted by the respondent to the Willapa Harbor Lumber & Shingle Company. This was notice to whomsoever might be interested that a query directed to either one of these parties would produce all of the information which might be required.

The law does not demand more than this, and such description gives constructive notice to subsequent purchasers, pledgees, mortgagees, incumbrancers and subsequent creditors.

For that reason the trial court was correct in concluding that the respondent was entitled to its property or the value thereof, and the judgment is therefore affirmed.

ASKREN, HOLCOMB, and FULLERTON, JJ., concur.

TOLMAN, C. J. (dissenting)—In my opinion, the description of the property was wholly insufficient and gave no aid to identification. I therefore dissent.