JOHN COOK HUBER, APPELLANT, v. HOWARD R. CLOUD, SHERIFF OF ATLANTIC COUNTY, AND JAMES H. PARSELLS, TRADING AS PARSELLS-NASH COMPANY, RESPONDENTS.

Argued May 20, 1925—Decided October 19, 1925.

1. The Conditional Sales act (chapter 210, laws of 1919) does not require or lay down any particular manner in which the chattel is to be described. Such act stands by itself and is not to be read with or have grafted upon it the act relating to the purchase and sale of motor vehicles. Chapter 168, laws of 1919.
2. The description of the chattel is sufficient if it indicates such property clearly enough to enable one to determine what prop-

erty is meant, and this result is accomplished if the language used puts one on inquiry in such a way as to necessarily lead to knowledge of the property intended.

3. A description in a contract of conditional sale may be aided by parol evidence where such description is not so specific as to identify the property by it alone or where there is an error not in the controlling element of the description.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Thompson & Hanstein.*

For the respondents, *William Charlton.*

The opinion of the court was delivered by

CAMPBELL, J.   The verdict upon which the judgment appealed rests was directed by the court below in an action of replevin to recover possession of a Willys-Knight touring car, model 64, motor number 71103, serial number 26135, which had been levied upon by the sheriff of Atlantic county under an execution issued under a judgment held by the defendant-respondent, Parsells, against one Allen H. Hernig. The levy was made August 4th, 1924.

The plaintiff-appellant claiming to be the owner of the car, made demand therefor on August 6th, 1924, and such demand not being complied with, brought his action in replevin against the sheriff and Parsells.

At the trial it was established that appellant became the owner of the car on July 28th, 1923, through a bill of sale from the Seacoast Auto Company; that on July 29th, 1924, he made a conditional sale of a car to Allen H. Hernig, as evidenced by a conditional bill of sale bearing such date and filed in the Atlantic county clerk's office on August 6th, 1924, two days subsequent to the levy, but within the ten days required by the statute; that appellant subsequent to July 29th retook the possession of the car, and on August 9th, 1924, made another conditional sale thereof to Hernig, as evidenced by a conditional bill of sale bearing that date and filed in the office of the clerk of Atlantic county, August 15th, 1924.

After both parties had closed the testimony and a motion to direct a verdict in favor of the defendant had been made and denied and during an argument upon a motion for direction of a verdict in favor of the plaintiff, the attorney for the defendant discovered and made known to the court the fact that the motor number of the car described in the two conditional bills of sale was given as 91183, while the motor number described in the bill of sale to plaintiff-appellant, in the demand for possession, in the writ of replevin and in the complaint, was 71103. In all other particulars the descriptions were the same. Thereupon the attorney for plaintiff-appellant asked leave to introduce testimony to identify the car which was the subject of the action of replevin as the same car described in the conditional bills of sale. This was denied by the trial court upon the ground that testimony could not be received to contradict the conditional bills of sale. To this action of the trial court an exception was duly taken. The trial court then directed a verdict in favor of the defendant upon the ground that the description in conditional bills of sale of automobiles is controlled by "An act relating to and regulating the sale and purchase of motor vehicles requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same, and providing penalties therefor." *Pamph. L.* 1919, *p.* 357, *ch.* 168.

In this we conclude the learned trial judge was in error.

In *General Motors Acceptance Corporation* v. *Smith,* 101 *N. J. L.* 154, *we held* that the Conditional Sales act (*Pamph. L.* 1919, *p.* 461, *ch.* 210) "* * * stands by itself. It is not to be read with or to have grafted upon it the act relating to the purchase and sale of motor vehicles (*Pamph. L.* 1919, *ch.* 168) * * *."

The conditional sales act (chapter 210, laws 1919) does not require or lay down any particular manner in which the chattel is to be described.

We think, therefore, that such description as will reasonably identify the chattel is sufficient. But here the descriptions in the conditional bills of sale were more specific and particular than that required by the Automobile Sales act

(chapter 168, laws 1919), the difficulty being that it is claimed by the plaintiff-appellant that through error and mistake the motor number is erroneous. He was entitled to show, if he could, that this was so, and that the motor vehicle described therein was the identical car which was the subject of the action of replevin.

In *General Motors Acceptance Corporation* v. *Smith, supra,* we also held—

"These statutes [governing conditional sales agreements] aim to protect both parties to the conditional sale and purchase in their respective rights, and also to extend protection to those who by reason of the delivery of the possession of the chattels to the conditional vendee might suffer loss by the attempted purchase thereof, if not notified that the conditional vendee is not in a position to give an unqualified title to the chattel. This notice is given by the recording of the conditional sales agreement."

Section 5 of the Conditional Sales act provides that every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who without notice thereof purchases the goods or acquires by attachment or levy a lien upon them before the contract shall be filed, unless such contract is so filed within ten days after the making of the conditional sale.

In the case before us the judgment creditor had his levy before the time required by the statute for filing the contract of conditional sale which was properly filed subsequently within the period of ten days after the sale. Under such circumstances, if the motor number had been correctly given, he would have taken nothing by his levy. But we think it may well be that he takes nothing even under the circumstances as they did exist, because we are of the opinion that the car was sufficiently described to identify it without the aid of the motor number, as follows: *Make,* Willys-Knight; *model, letter or number,* 26135; *number of cylinders,* 4; *year,* 1923; *new or used,* new, as appeared in the bill of sale of July 29th, 1924, and as follows in the bill of sale of August 9th, 1924; *make,* Willys-Knight; *type of body,* touring; *model, letter or number,* 64; *manufacturer's serial number,* 26135; *number of cylinders,* 4.

"The description of the mortgaged property is sufficient if it indicates such property clearly enough to enable one to determine what property is meant, and this result is accomplished if the language used puts one on inquiry in such a way as to necessarily lead to knowledge of the property intended." *Collerd* v. *Tully,* 77 *N. J. Eq.* 443.

"As against third persons the description in the mortgage must point out its subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggests inquiry or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim 'that is certain which is capable of being made certain' So, a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified." 11 *C. J.* 457, 459.

"An error in the description of the mortgaged property is not fatal when the part remaining is otherwise sufficient to suggest inquiries which, if pursued, would enable third persons to identify the property, although a misstatement of the controlling element in the description is fatal." 11 *C. J.* 471.

Such are the rules with respect to chattel mortgages, and we see no reason why they should not apply with equal force to contracts of conditional sales.

The trial court was in error in reading into Conditional Sales act the provisions of the Motor Vehicle Sales act; in refusing to receive evidence establishing or designed to eslish the identity of the motor car, and in directing the verdict from the judgment entered upon which this appeal is taken, and the judgment below is therefore reversed, with costs, and a *venire de novo* awarded.

*For affirmance*—WHITE, J.     1.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 13.