FIRST NATIONAL BANK OF BROOKFIELD, RESPONDENT, v. J. H. GARDNER ET AL., DEFENDANTS, UNION CREDIT CORPORATION, APPELLANT.*

Kansas City Court of Appeals. April 30, 1928.

859

*Corpus Juris-Cyc References: Motor Vehicles, 42CJ, section 261, p. 759, n. 49.

*Paul Van Osdol* for respondent.

*A. L. Guitar* and *Thos. P. Burns* for appellant.

WILLIAMS, C.—This case comes to us on appeal from the circuit court of Linn county.

The evidence shows the plaintiff had a chattel mortgage assigned to it covering one Star, six cylinder, coach, serial No. 19835, motor No. 14-L-39208, 1926 model. Plaintiff's chattel mortgage was dated on the 11th day of February, 1927, and was filed for record on the 18th day of February, 1927, at one (1) P. M. in the recorder's office in Linn county, Missouri; the defendant, Union Credit Corporation, has assigned to it for value another chattel mortgage dated March 8, 1927, conveying one Star, year 1927, model K, Motor No. 14-L-39206, Factory Car No. L-19835, body style coach, number of cylinders six. The chattel mortgage of the defendant, Union Credit Corporation, was filed in the recorder's office of Linn county, Missouri, on March 21, 1927, at 9 o'clock A. M. by H. M. Kelley, recorder of deeds of Linn county, Missouri.

The evidence shows that the car actually involved and taken by the plaintiff, was a six cylinder Star coach, motor No. 14-L-39206, factory Car No. L-19835 so that the difference between the motor number in plaintiff's chattel mortgage and the motor number on the car was that the last figure on the car is 6, whereas the last figure of the motor number in plaintiff's chattel mortgage is 8, and also the factory car number in plaintiff's mortgage is 19835, whereas on the car taken it is L-19835. In defendant's mortgage the motor number is correct and the same number as the car in controversy, that is 14-L-39206. In defendant's chattel mortgage the factory car number is the same as on the car in controversy or L-19835. The body style and number of cylinders is the same in both chattel mortgages. The motor number and factory number are the same in defendant's chattel mortgage as appear on the

car. The description of the car in defendant's mortgage is correct except the model reads "Model K," while under evidence the correct model letter was "R."

The case was submitted to the jury and verdict and judgment rendered in favor of plaintiff.

After an unsuccessful motion for a new trial the defendant brings the case here on appeal.

A demurrer was asked by the defendant, which was refused. The appellant contends that the description, as a matter of law, was insufficient. The respondent answered that contention by saying that an error in the description of a mortgage is not fatal, if the remaining part is sufficient to suggest inquiry, which, if pursued, would enable third persons to identify the property. This proposition of respondent is well supported by authority. [Swinney v. Merchants Bank, 95 Mo. App. 135; City National Bank v. Goodloe-McClelland Commission Company, 93 Mo. App. 123; Schmidt et al. v. Rankin, 91 S. W. 78.]

It may be conceded that frequently the question of identity is one for the jury. [Ranney v. Meisenheimer, 61 Mo. App. 434; Schmidt v. Rankin, 91 S. W. 78.]

We have made search, outside the briefs, to find a case, if possible, where facts similar have been considered by the court.

The following cases bear more or less upon the question. In Stiles v. City State Bank, 156 Pac. 622, the Oklahoma Supreme Court held that the description "Three new Michigan automobiles, 40 H. P. No. ——" was sufficient between the parties.

The Supreme Court of Wisconsin in Adler v. Godfrey, 140 N. W. 1115, in discussing the description of an automobile and adhering to the doctrine that mere inaccuracies do not invalidate the mortgage, held that "when the serial number and manufacturer's name were correct the mortgage was sufficient."

In Humphreys Sav. Bank v. Carpenter, 250 S. W. 618, this court held that a description in a mortgage "One new Mitchell automobile, 1920 model, —— horse power," is sufficient between the parties; the mortgagee owning only one machine and the county of his residence given.

And the case of McQueen v. Tenison, 177 S. W. 1053 (Texas Civil Appeals) held, as is well stated by the syllabus:

"A recorded chattel mortgage of one 'Maxwell 4-passenger automobile, factory No. 32466,' was not such a description as to charge the purchaser of a 'five-passenger Maxwell automobile, model 1-3 car, 2466,' with notice that the car purchased was the one covered by the mortgage."

The Supreme Court of Iowa in the case of Iowa Savings Bank v. Graham, 181 N. W. 771, held that a chattel mortgage describing property as "One five-passenger Ford touring car, No. 16193, yellow wheels and cherry body, 1914" is sufficient where the mortgagor's residence was given.

The Supreme Court of Kentucky in Clark v. Ford, 201 S. W. 344, held that a " '1916' Dodge car" was sufficient description to identify the property against those who were not subsequent purchasers for value.

The Supreme Court of Tennessee in Owen v. George Cole Motor Co., 292 S. W. 1, held that the motor number is the usual manner of identifying automobiles.

Babbitt on automobiles, sec. 1056, says that a description giving the style and make of a car and the engine number is sufficient.

In the above cases there is a meager description, but not a false description as to a material means of identity.

Respondent relies upon the case of Ranney v. Meisenheimer, 61 Mo. App. 434. In that case, however, there was an indefinite description and seems to be in line with the cases heretofore cited.

Respondent cites Schmidt v. Rankin, 91 S. W. 78, which holds that cattle described by a "brand and located in a certain pasture" is sufficient. This is also an indefinite description and not a false description.

The case involving a false description, and most like the case at bar, is Ehrke v. Tucker, 160 Pac. 985, decided by the Supreme Court of Kansas, in which Chief Justice JOHNSTON, speaking for the court said, l. c. 986 and 987:

"A partial misdescription does not invalidate the mortgage (King v. Aultman & Co., 24 Kas. 246), but in determining whether a third party, aided by inquiries suggested by the mortgage, could have identified the property, the whole description is to be taken into consideration. The suggestion which indicates the line of inquiry must come from the mortgage itself, and cannot rest alone in the minds of the mortgagor and mortgagee. If the defendants had had actual knowledge of the mortgage executed by Fager and had made inquiry they would have looked first for the principal mark of identification, viz, the brand *O,* and, not finding it on any of the cattle purchased, would have been reasonably well assured that the cattle which they purchased were not included in the mortgage. . . . But subsequent purchasers are not required to pursue inquiries where, as here, the entire description led in a different direction and indicated so clearly that the cattle in question were not intended to be included in the mortgage. The law contemplates that mortgages, to be valid, shall be sufficiently defi-

nite in description so as to give notice to subsequent purchasers and mortgagees and afford them protection against imposition."

There may be a distinction between the case at bar, a dealer giving a mortgage upon an automobile, and an individual, especially if the individual owns but one car of that make. In the case at bar it must be remembered that there are many cars of that make dealt in by the dealer. Many cars owned and sold by the dealer have the same outward aspects and the only means of identification would be the numbers. There were doubtless cars made and sold that had the very number contained in this false description. We think that for the protection of third persons the descriptions in chattel mortgages as to factory number or motor number must be accurate. In this case neither was correct.

We think the court erred in not sustaining the demurrer to the evidence.

The judgment is reversed and remanded with directions to enter judgment for the appellant. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.

