[Civil No. 3436.   Filed December 7, 1934.]

[38 Pac. (2d) 310.]

C. I. T. CORPORATION, Appellant, v. J. D. NAU-DACK, Appellee.

Messrs. Sloan, McKesson & Scott, for Appellant.

Mr. D. V. Mulhern and Mr. B. H. Gibbs, for Appellee.

LOCKWOOD, J.—J. D. Naudack, hereinafter called plaintiff, brought suit against Anna C. McCabe, hereinafter called defendant, on a promissory note in the sum of $255 given him by defendant. At the same time he caused a writ of attachment to issue, and the sheriff levied upon all the right, title, claim and interest of the defendant in and to an automobile described in the return on the writ as "One 1930 Hupmobile Cabriolet, Motor No. C7344, 1932 Arizona license No. 1B2T"; the attached car being at the time in the possession of the defendant. Thereafter and in due time C. I. T. Corporation, a corporation, hereinafter called claimant, filed in said proceeding its claim to the property under the provisions of sections 4368–4378, Revised Code of 1928, basing such claim on a certain conditional sales contract entered into between the McAleer Motor Company and defendant, and by said motor company assigned to claimant. Thereafter issue was joined by the plaintiff and claimant under the statute, which issue was tried to the court without a jury and judgment rendered in favor of plaintiff, and from this judgment claimant has appealed.

There is but one question for our consideration, and that is whether on the evidence the conditional sales contract above referred to was sufficient as a matter of law to put plaintiff on notice that the at-

tached automobile was the property of the McAleer Motor Company. This contract was filed in the office of the county recorder of Maricopa county on May 17, 1930, and the issue is whether the description of the automobile in said contract was sufficient as a matter of law to give notice to plaintiff that it was the same automobile attached by him. The contract describes the car which it covers as being a new 1930 eight-cylinder Hupmobile with a cabriolet body, and gives the model letter or number as ''CWS–CW,'' manufacturer's serial No. ''C7384,'' and motor No. as ''C7488.'' This description covers the automobile seized, except that the latter bore the motor No. ''C7344'' and serial No. ''C7279,'' instead of those mentioned in the contract. There is no evidence that plaintiff had any actual knowledge that the attached car was the same as that covered by the conditional sales contract, but it did appear that in the previous year defendant had purchased another and different Hupmobile cabriolet from the McAleer Motor Company. Was the description given in the contract sufficient to give him notice or put him on inquiry as to whether the car attached was the one described in the contract? That it was insufficient to give him direct notice is obvious. Both engine and serial numbers given in the conditional sales contract were different from the engine and serial numbers actually appearing upon the attached car, and certainly under such circumstances the attaching creditor did not have record notice that the attached car was the one described in the contract. But, it is urged, the remainder of the description was sufficient, notwithstanding the differing numbers, to put plaintiff on inquiry, and that, if he had followed the clues which appeared on the face of the conditional sales contract, he would have discovered that the car attached was

the one actually covered by the contract. It is the general rule that personal property mortgaged or covered by conditional sales contract need not be described in any particular manner, unless the statute so provides, and that parol evidence may be resorted to to supplement the description actually given in the instrument, when such description is insufficient by itself to identify the article covered thereby. *Humphreys Savings Bank* v. *Carpenter,* 213 Mo. App. 390, 250 S. W. 618; *Huber* v. *Cloud,* 102 N. J. Law 181, 130 Atl. 562; *MacCallum-Donahoe Finance Co.* v. *Warren et al.,* 122 Wash. 176, 210 Pac. 368; *Van Dyke* v. *White Co.,* 33 Ga. App. 627, 127 S. E. 617. But this rule is generally applied in cases when the description, although not sufficient to specifically identify the article, is correct so far as it goes. The furthest that any case goes holding that an erroneous description of the number of an automobile puts a purchaser on inquiry, so far as we are advised, is that of *MacCallum-Donahoe Finance Co.* v. *Warren et al., supra,* where it was held that an error in one of the figures in the serial number, where the rest of the description, including the engine number, was in all respects correct, was sufficient to put a third party on inquiry. Notwithstanding the respect we have for the court which rendered that decision, we are of the opinion that logic and the better-considered cases hold that a third party having no actual knowledge of the facts is not put on inquiry by such a description. *First Mortgage Loan Co.* v. *Durfee,* 193 Iowa 1142, 188 N. W. 777; *McQueen et al.* v. *Tenison,* (Tex. Civ. App.) 177 S. W. 1053.

It is a well-known fact, of which courts take judicial notice, that most automobiles are produced in large quantities of the same type, color and general appearance, and that the only positive way of identifying

one automobile from another of the same type is by the engine and serial numbers which appear thereon. So true is this that in most states the certificates of title now required to be taken out by owners of automobiles sometimes require that there be placed thereon the engine number and sometimes also the serial number of the car, and, while we do not hold that this is absolutely necessary in order to give validity to the recordation of a conditional sales contract. or mortgage on an automobile under our statutes, yet the general rule may be taken as showing the importance of those two particular numbers in identifying a car. If the recordation of a conditional sales contract or mortgage containing an erroneous engine and serial number is to be taken as putting the intending purchaser of any car of the general description set forth in the recorded document on inquiry as to whether the car which he intends to purchase, although showing a different engine and serial number, is the car so misleadingly and erroneously described, our records will become a trap rather than a protection to innocent purchasers. We are of the opinion that the conditional sales contract involved in the present case was affirmatively so erroneous in its description of the automobile attached that the plaintiff was not put on inquiry to determine whether the car covered by it was the one which he attached.

The judgment of the superior court of Maricopa county is affirmed.

ROSS, C. J., and McALISTER, J., concur.