**In re SMITH.**

No. 18987.

District Court, E. D. Pennsylvania.

June 1, 1937.

598

See, also, 19 F.Supp. 595.

Louis M. Stamberg, of Allentown, Pa., for petitioner.

William B. Butz, of Allentown, Pa., for trustee.

MARIS, District Judge.

Hobart Manufacturing Company has petitioned for the review of orders refusing its two reclamation petitions claiming certain machines sold by it to the bankrupt under conditional sale agreements dated July 11, 1935, and September 20, 1935, respectively.

The machines sold under the contract of July 11, 1935, consisted of a mixer, model No. S–601, a food cutter, model No. 84,141, a scale, model No. 97, a potato peeler, model No. 6015, together with certain appurtenant equipment. In the contract the machines and equipment sold were described as follows:

"97–6015
  This space for a NEW MACHINE
One Model No. S–601–84141 HOBART; ~~HOBART DAYTON, HOBART CRESCENT~~ for 60 cycles 110 & 220 volts 1 phase. Chart 6x  Color Ivory & Gray  Capacity 30 lbs. – 3/4 & 1/3 H P
Equipment as specifyed on attached copy"

The machine sold under the contract of September 20, 1935, was a slicer, model No. 411. It was described in the contract as follows:

"This space for a NEW MACHINE
One Model No. 411 HOBART; ~~HOBART DAYTON, HOBART CRESCENT~~ for 60 cycles  110 volts  1 phase.
Chart     Color Black  Capacity ¼ H P
Equipment                                    "

Both contracts were duly filed in the prothonotary's office as required by the Uniform Conditional Sales Act of Pennsylvania (P.L.1925, p. 603, § 7, amended by P.L.1927, p. 979, 69 P.S.Pa. § 404, and section 7, amended by P.L.1935, p. 658, 69 P.S.Pa. § 404) but the "attached copy" specifying equipment referred to in the contract of July 11th was not attached to the copy of the contract which was filed.

Each contract reserved title in the vendor until the payment in full of the purchase price. Default having been made in the payment of installments due, and the property being in the possession of the trustee in bankruptcy, the vendor filed its petitions to reclaim the same. These the referee refused upon the ground that the contracts did not contain a sufficient description of the goods sold and, therefore, were not effective to reserve title. This is the sole question involved.

A full consideration of the case satisfies us that the ruling of the referee was right. It may be admitted, as the petitioner strenuously urges, that parol evidence is admissible to identify property which is the subject of a conditional sale. It is we think equally clear that the contract must itself definitely indicate identifiable goods as having been sold and must itself suggest the inquiries by means of which if pursued the goods may be further identified. It must at the least contain enough to enable the prothonotary to satisfy the requirement of section 10 of the Uniform Conditional Sales Act (69 P.S.Pa. § 407) that a "brief description of goods," inter alia, be entered in his office.

In the present case the contracts do not meet this requirement. It is impossible to ascertain from the contract of July 11th what sort of machine was sold and whether one or more were involved. The so-called description is little more than a jumble of words and figures. It is not a description of the goods, brief or otherwise. The contract of September 20th is equally indefinite and undescriptive as to the kind of machine sold. We conclude that these descriptions do not satisfy the requirements of the Uniform Conditional Sales Act.

As to the appurtenant equipment also sold by the contract of July 11th we need only add that the failure to attach the paper specifying it was a fatal defect. This is directly ruled by our recent decision in Re Mineral Lac Paint Co., 17 F.Supp. 1, affirmed sub nom. Salkind v. Du Bois (C.C.A.) —— F.(2d) ——,[1] May 10, 1937.

We accordingly conclude that the two conditional sales contracts here involved as filed did not comply with the requirements of the Uniform Conditional Sales Act and

---

[1] Petition for rehearing pending at date of publication.

were, therefore, not effective to reserve title in the vendor as against the trustee in bankruptcy of the buyer.

The petition for review is dismissed, and the orders of the referee are confirmed.