Sam H. Lipchitz, of New York City (Morris O. Alprin, of New York City, on the brief), for appellant.

Harold Forstenzer, of New York City, for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This case presents the issue whether under the Uniform Conditional Sales Act, adopted in New York in 1922, Personal Property Law, Consol.Laws, c. 41, § 60 et seq., the filing with the recording officer of a contract reserving title until complete payment in the vendor of "all the chattels and fixtures described in the specifications hereto," which specifications "are annexed hereto and are identified by the signatures of the parties hereto, and become hereby a part of this contract," is valid without the reservation of possession against the vendee's trustee in bankruptcy when the specifications are not filed. The case suggests other issues, some at least of which were not presented below: whether a construction contract for the remodelling of a

**EMPIRE STATE CHAIR CO., Inc., v. BELDOCK.**

**In re PATIO CAFE, Inc.**

**No. 231.**

Circuit Court of Appeals, Second Circuit.

Feb. 3, 1944.

---

store as a cafe, with somewhat incidental reference to equipment, is properly to be considered a conditional sales contract, and, if so, how the agreed consideration and the payments made toward it are to be apportioned;[1] whether on a contract concerning fixtures to be attached to realty the trustee in bankruptcy can take advantage of the failure to file the contract in the land records, as required by § 7 of the Uniform Act, Personal Property Law, § 67;[2] and whether the Uniform Act, §§ 4, 5, Personal Property Law, §§ 64, 65, requires any description, and, if so, how much, of the goods sold.[3] But since decision of the issue as stated is decisive, we do not decide the other issues.

Applying the Uniform Act, as adopted in Pennsylvania in 1925, 69 P.S.Pa. § 361 et seq., it has been held that the recording of a conditional sales contract for machinery and equipment described in an annexed schedule (Exhibit A) was not valid against the vendee's trustee in bankruptcy where Exhibit A was not filed. Salkind v. Dubois, 3 Cir., 105 F.2d 640, affirming the opinion of Maris, J., in In re Mineral Lac Paint Co., D.C.E.D.Pa., 17 F.Supp. 1. A later holding to the same effect was made also by Maris, J., in In re Smith, D.C.E.D. Pa., 19 F.Supp. 597. These cases cite earlier cases not under the Uniform Act that failure to record a part of an agreement is a fatal defect, In re Ford-Rennie Leather Co., D.C.Del., 2 F.2d 750, 756; Meier & Frank Co. v. Sabin, 9 Cir., 214 F. 231; and In re Bazemore, D.C.N.D. Ala., 189 F. 236. Although the last case was reversed in Cable Co. of Alabama v. Stewart, 5 Cir., 191 F. 699, on the ground that the note there was not made a part of the contract, and hence that the record-

---

[1] The contract called for the payment of $24,500 "for said work and materials," without apportionment between work and materials; apparently some $11,000 had been paid upon it at the time of bankruptcy. The specifications in question consisted of 36 typewritten pages of architect's specifications, of which pages 27–33, 35, 36, list the kitchen and basement, liquor bar and refrigeration equipment here involved.

[2] Since, as the Uniform Act shows, this filing is for the benefit of a subsequent purchaser of the realty for value and without notice, we held in In re St. Mark's Hospital of New York City, 2 Cir., 59 F.2d 1001, that the trustee in bankruptcy could not take advantage of non-filing. The amendment by the Chandler Act of 1938 to Bankruptcy Act, § 60, sub. a, 11 U.S.C.A. § 96, sub. a, gives the trustee the right to avoid as a preference transactions not properly perfected as to any bona fide purchaser from the debtor. Compare In re Brownsville Brewing Co., 3 Cir., 117 F.2d 463.

[3] Judge Maris, in In re Smith, D.C.E.D. Pa., 19 F.Supp. 597, in a part of the opinion other than that referred to in the text hereof, held a reference to a "new machine," with a further description he found unintelligible, to be insufficient under the Uniform Act, saying that the contract must definitely indicate identifiable goods and suggest inquiries by means of which if pursued the goods may be further identified. In reaching this conclusion he said the contract must at least be adequate to enable the recording official to follow the requirement of § 10 of the Act that he enter a "brief description of goods" in his office. While this provision as to the officer's duties of indexing appeared originally in the New York Act, Personal Property Law, § 70, yet by amendment in 1930 a considerable change in the system of indexing was effected and the requirement of a "brief description of goods" was omitted. Cf. In re Labb, D.C.W.D.N.Y., 42 F.Supp. 542, and cases cited, that the actions of the filing officer do not affect or control the validity of the sale or its recording. It seems to have been assumed under the Uniform Act, as well as elsewhere, that at least some description of the goods is necessary. Cf. Huber v. Cloud, 102 N.J.L. 181, 130 A. 562, 563; C. I. T. Corp. v. Naudack, 44 Ariz. 413, 38 P.2d 310; and In re Central Park Dairyland, Inc., 179 Misc. 611, 37 N. Y.S.2d 270, 273; and compare the commentaries of Professor Bogert, the draftsman of the Act, 2A U.L.A. 91, 92, and particularly Supp.1943, 52–55, and cases cited. See also In re Douglas Lumber Co., D.C.Wyo., 2 F.2d 985, and Seymour v. Landon, 128 Wash. 682, 224 P. 3. Recently, in 1941, a new statute was passed in New York, Personal Property Law, § 64-a, making extensive requirements as to conditional sales contracts for $1,500 or less, with greatly detailed provisions as to the form, even the size of type, of the agreement, as well as its substance, including, inter alia, "the name of the seller and the buyer," the seller's place of business and the buyer's residence, "the date of sale," "a description of the goods sold," and so on for some eight subdivisions, with a penalty recoverable by the buyer of an amount equal to the credit service charge, or if none was specified, then 10 per centum of the cash price. Whether this late statute is designed to affect the earlier Uniform Act on this point need not be considered here.

ing of the latter alone was sufficient, the case reaffirms the general principle.

We have found no case opposed on the exact facts. Indeed, there seems to be but a single case throwing doubt on the general proposition, namely, Diamond Iron Works v. Werley, 135 Wash. 228, 237 P. 313. There, under a state statute, Rem. Comp.Stat. § 3670, not the Uniform Act, a conditional sales contract for "machinery as per plans and specifications submitted herewith" was held valid, even though the plans and specifications were attached only to the original and were not filed. The chief justice dissented, and the case is criticized in 65 A.L.R. 714, 724, as going to "rather extreme lengths." But there the contract did describe the goods as machinery and, what is immediately pertinent, did not purport to include the plans and specifications as a part of the contract itself. The case, therefore, turns rather upon the question of the sufficiency of the description—as do other cases cited by appellee—than upon the point of filing the entire contract.

We see no reason to conclude that the filing of a contract with a part omitted —and in some respects the most important part from the standpoint of notice—should be considered an adequate filing under Personal Property Law, § 65. If this provision may be omitted, the question arises, What other provisions likewise can be omitted? Would they include the consideration, or the name of the vendee, or the terms upon which title is reserved? There seems no reason here why the entire contract should not be filed as a prerequisite to adequate notice. Even the suggestion that recording fees were to be avoided is not in point, since under the law the contract is only filed, not recorded, and the filing fees are the same for all instruments, regardless of length. Personal Property Law, § 70. Significantly the legislature in 1933 added a provision that "no conditional sales contract once filed can have any additions made to it so as to include other purchases or transactions between the same parties. A new contract must be made and filed." Personal Property Law, § 66-a.

The contention is also advanced that the bankruptcy trustee cannot take advantage of improper filing under § 65; but the contrary is too well settled to require discussion of the point. White v. Steinman, 2 Cir., 120 F.2d 799, 802, certiorari denied 314 U.S. 659, 62 S.Ct. 113, 86 L.Ed. 528; City of New York v. Johnson, 2 Cir., 137 F.2d 163; Golin v. Florence Trading Corp., 2 Cir., 128 F.2d 431; In re Parkway Knitting Mills, 2 Cir., 119 F.2d 605, 607, certiorari denied Elstelnat Holding Corp. v. Palmer, 314 U.S. 646, 62 S.Ct. 89, 86 L. Ed. 519; Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658, 662; see generally 4 Collier on Bankruptcy, 14th Ed. 1942, 1280, 1281, 1294–1298. We conclude that the referee and the district court erred in holding this contract valid against the trustee.

The order is reversed and the proceeding remanded, with directions that the petition for reclamation be dismissed.