ROBERTS, Justice.
This is an appeal by defendants from a final decree in favor of plaintiff in a suit filed by it to foreclose a chattel mortgage on a 1950 Buick Sedanette. The facts pertinent to this appeal are as follows:
The defendant, Clinger, a Florida used car dealer, bought the car in Florida from one Scheiman, a Missouri resident. The car -bore a Missouri license tag, and Schei-man’s title was evidenced by a Missouri title certificate. The certificate showed no liens against the car, and Scheiman signed an affidavit on the certificate affirming the truth of the matters stated therein. The truth of the matter was, however, that Scheiman had bought the car in Missouri and given the seller a chattel mortgage to cover the purchase price of the car, and this mortgage was recorded by the seller in Jackson County, Missouri, the county of Scheiman’s residence. No notation of the mortgage was made on the Missouri title certificate; however, the Chancellor correctly found that this was not required under Missouri law as to a purchase money mortgage. Sec. 443.480, Mo.Stat.1949, V.A.M.S.; Butler County Finance Co. v. Prince, Mo.App.1950, 231 S.W.2d 834. Neither Clinger nor the defendant bank (which had loaned Clinger the money to buy the car and recorded a lien on the car in the amount of its loan) made any inquiries in Missouri to find out whether any liens were recorded there against the car, as required by Section 319.27, Fla.Stat. 1953, F.S.A., in order to become an “inno *607 cent purchaser for value, without notice” of an out-of-state car.
We come now to the facts which give rise to the legal problem here presented: Both the Missouri title certificate under which Scheiman took title and by which he transferred title to Clinger, and the chattel mortgage which was executed by Scheiman to his seller and recorded by the seller in Missouri, bore an incorrect motor number of the car. Both showed the motor number to be 5708563, whereas the correct number was 5708563#. Clinger applied to the Motor Vehicle Commissioner of Florida for a Florida title certificate, using the incorrect number as shown on the Missouri title certificate, and the Chancellor found that the original Florida title certificate issued to him bore this number; however, an application using the correct number was made later, and a corrected Florida title certificate was issued to Clinger. The defendants contended in the court below, and here contend, that the recordation in Missouri of a chattel mortgage on an automobile which incorrectly describes the car as to motor number is legally insufficient to constitute constructive notice to subsequent purchasers without actual notice of a prior lien, so that such lien cannot be enforced against them regardless of whether they complied with the provisions of Section 319.27, supra. This contention cannot be sustained.
It is true, as contended by defendants, that the Missouri court has held that a mortgage on an automobile containing erroneous factory and motor numbers is not entitled to priority over a subsequent mortgage containing a correct description, First National Bank of Brookfield v. Gardner, 1928, 222 Mo.App. 858, 5 S.W.2d 1115; but that is not the case here. The rights of both the plaintiff and the defendants are based on documents which contain the same erroneous description, and Clinger cannot be heard to say that his title to the car is-good, but the plaintiff’s lien — based on the same incorrect description — is bad. Clearly, the plaintiff’s chattel mortgage is just as valid, per se, as is Clinger’s title.
Clinger purchased and the bank loaned money on an out-of-state car under a title certificate showing a certain motor number;, and our statute, Section 319.27, supra, placed squarely upon them “the burden of making inquiry of the proper officials of such other state as to whether there [were] any outstanding liens in such state against the automobile”, Vincent v. General Motors Acceptance Corp., Fla.1954, 75 So.2d 778, 781. Such an inquiry would have disclosed a mortgage lien against an automobile bearing that motor number. Whether it is said that defendants had “constructive” notice of the chattel mortgage recorded in Missouri covering the exact same car as-was purchased by them, because it is imputed to them under the recording statutes,, or whether it is said that the defendants had the “implied” notice which is “inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use,” First Federal Savings & Loan Ass’n of Miami v. Fisher, Fla.1952, 60 So.2d 496, 499, is unimportant. The fact remains that they have failed to comply with Section 319.27, supra, and this failure has deprived them of the right, under Florida law, to plead that they are a subsequent (or “innocent”, as the statute expresses it) purchaser for value, without notice, of the car. They cannot now “escape the penalty for [their] own carelessness”. McQueen v. M. & J. Finance Corp., Fla., 59 So.2d 49, 51.
For the reasons stated, the decree appealed from should be and it is hereby
Affirmed.
DREW, C. J., TERRELL and SE-BRING, JJ., concur.