COMMERCIAL SERVICE CORPORATION OF DELL RA-PIDS, Plaintiff v. L. PAULLE-MIDWAY FIXTURE and SHOW CASE CO., Inc., et al., Defendant and Appellant and F. M. PHILLIPS, Intervenor and Respondent

(75 N.W.2d 310)

(File No. 9537.   Opinion filed March 5, 1956)

Rehearing denied April 13, 1956

**R. A. Bielski,** Sioux Falls, for Defendant and Appellant.

**T. R. Johnson,** Sioux Falls, **Ervin P. Van Buren,** Dell Rapids, for Intervenor and Respondent.

SICKEL, J.    This action is a sequel to the case of Commercial Service Corp. of Dell Rapids v. L. Paulle-Midway Fixture & Show Case Co., 75 S.D. 409, 66 N.W.2d 523. The issues presented on this appeal arise between F. M. Phillips, intervenor and respondent, and the above named defendant who is appellant.

F. M. Phillips, intervenor, served a complaint demanding foreclosure of the chattel mortgage executed by Chris G. Christopulos and Georgia E. Christopulos, dated June 17, 1953, and filed June 19, 1953, securing the payment of a note for $10,000.    The mortgage covers all the property of the mortgagors located in what is called "Chris' Grill" in Sioux Falls, and is particularly described in the mortgage.    The Fixture Company answered this complaint alleging that it is the holder of a prior conditional sales contract covering the same property.    The circuit court decided that the mortgage of Phillips, intervenor, is superior and prior to the conditional sales contract of the Fixture Company, defendant, and entered a decree or foreclosure of intervenor's mortgage.    The Fixture Company appealed.

It appears from the evidence that on May 16, 1951, the Fixture Company filed a conditional sales contract executed by Christopulos securing the payment of an indebtedness of $4,342, but failed to attach Exhibit "A" which described the property and was referred to as a part of the contract.

Thereafter on June 8, 1951, the Fixture Company obtained another conditional sales contract securing $5,123.94 including the balance due under the first contract. This instrument was filed on June 26, 1951.

On June 15, 1953, the Fixture Company executed a discharge of its second conditional sales contract. This instrument was filed for record on June 17, 1953. The document certifies that the contract, describing it, "has been paid in full" and directs the register of deeds to discharge and cancel it. Therefore the release of the second contract discharged all claims of the Fixture Company in the property so far as that instrument is concerned.

The circuit court also described that the first contract described the property sold as "fixtures as per plans and specifications, the latter marked 'Exhibit A' and attached hereto and made a part hereof"; that such exhibit was not made a part of the contract as filed in the office of the register of deeds and that such filing without the exhibit did not constitute constructive notice of any right, title or interest of the Fixture Company in the property described in intervenor's mortgage. Appellant contends that this part of the decision is erroneous.

SDC 54.0205 provides: "Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after making of the conditional sale". Under the provisions of the above statute the recording of a conditional sales contract in which the property sold is described as the property listed in an annexed schedule, and the schedule is not attached to the recorded contract, such filing does not constitute constructive notice to a subsequent purchaser or incumbrancer of the property. Empire State Chair Co. v. Beldock, 2d Cir., 140 F.2d 587, 589.

On the first appeal it was held that the contract was valid as against any subsequent lien holder having

actual notice of circumstances sufficient to put a prudent person on inquiry as to the nature of the sale to which the contract referred. SDC 65.0504. In that case Barnes, the susequent incumbrancer, was advised that appellant held a conditional sales contract on property of Christopulos and upon inquiry it could have been readily ascertained that the property was the same as that described in the mortgage. Here actual notice is entirely absent. Neither Phillips nor his attorney was ever advised or informed of the existence of the contract. Neither had they actual notice of circumstances sufficient to put a prudent person on inquiry as to that fact.

There was also of record a chattel mortgage executed by Christopulos to Dairyland Creamery Co., dated December 28, 1951, and filed August 25, 1952. This mortgage contained the statement that the mortgage was "subject to sales contract". Appellant contends that this reference to a sales contract constituted constructive notice of the Fixture Company's claim under the first contract.

SDC 54.0205 provides that the reservation of title in a conditional sales contract shall be void as to anyone acquiring a lien upon the goods without notice, unless the contract has been filed within ten days after the sale. In the case of Empire State Chair Co., Inc., v. Beldock, supra, the court said: "We see no reason to conclude that the filing of a contract with a part omitted— and in some respects the most important part from the standpoint of notice—should be considered an adequate filing" under the Uniform Conditional Sales Act. Precisely the same situation exists in this case. Without a description of the property sold the first contract was void and reference to it in the Dairyland Creamery Co. mortgage had no effect whatever so far as the rights of Phillips are concerned.

Judgment affirmed.

ROBERTS, P. J., and RENTTO, J., concur.

RUDOLPH and SMITH, JJ., concur in result.