**FRUEHAUF TRAILER COMPANY,**
a corporation, Plaintiff,

v.

**H. C. NEEL, trading and doing business as H. C. Neel Livestock Company,**
Defendant.

**Civ. A. No. 373.**

United States District Court
N. D. Florida, Marianna Division.

Oct. 31, 1956.

Ben F. Barnes, Marianna, Fla., for plaintiff.

John S. Rawls, Marianna, Fla., for defendant.

DE VANE, Chief Judge.

On July 28, 1951, a serious automobile accident occurred in Bay County, Florida, between an automobile driven by B. J. Stewart and a trailer-truck owned by Charles Bowman and operated by Donald Jack Everett, an employee of Bowman's. As a result of the accident, Stewart and his wife, Aline Stewart, were seriously injured and Smiley T. Stewart was killed. Stewart and his wife brought suit against Bowman and Everett and recovered judgments of $5,-000 each against the defendants in that suit. Viola Stewart, the widow of

Smiley T. Stewart, also sued Bowman and Everett and recovered a judgment for $15,000. None of the judgments were ever satisfied.

In 1954 counsel for Viola Stewart learned that Bowman was again operating a trailer-truck into Florida and on April 23, 1954, caused a fieri facias to be issued on the judgment previously obtained. On the 3rd day of October, 1954, the United States Marshal levied on and seized and took into custody a Diamond T. truck-tractor and trailer in the possession of an employee of Bowman. The truck-tractor and trailer were in due course sold by the Marshal to H. C. Neel, trading and doing business as H. C. Neel Livestock Company, and the net proceeds received from said sale were paid by the Marshal to Viola Stewart on account of the judgment she held against Bowman. The sale was confirmed by this Court on November 3, 1954.

On September 21, 1955, Fruehauf Trailer Company filed in this court a complaint against H. C. Neel, the purchaser of said truck-trailer, to recover from said Neel the trailer or the sum of $3,347.33 alleged to be due upon said property. The pleadings in the case show that on August 27, 1952, plaintiff sold to Holzworth Trucking Company four Fruehauf trailers for the sum of $21,636.24, received in cash at the time of sale $4,327.24, leaving a balance due of $17,309 and took as security for the balance a chattel mortgage on all four trailers. The sale was perfected in Illinois and the chattel mortgage was recorded on September 16, 1952, in the public records of Sangamon County, Illinois. Plaintiff does not show the chain of title or possession of the trailer from Holzworth Trucking Company to Bowman, but the pleadings do show that the truck operated by Bowman bore a Louisiana license tag and the trailer an Alabama license tag of the current year 1954. Upon the state of the record thus presented, defendant has filed a motion for judgment on the pleadings and counsel for both parties have submitted the issue thus raised to the Court for decision.

In support of the validity of its lien upon the trailer in question counsel for the respective parties are in agreement that the laws of Florida control plaintiff's right to recover in this case. Plaintiff relies upon Vincent v. General Motors Acceptance Corporation, Fla., 75 So.2d 778, and Clinger v. Reliable Discount Company, Fla., 80 So.2d 606, to sustain its right to enforce its lien. In each of these cases the Court found that the owner of the automobiles in question were not innocent purchasers in due course without notice in that they had failed to comply with the requirements of the Florida statutes, Sections 319.23 and 319.27, F.S.A., to make them innocent purchasers without notice. If a similar state of facts existed in this case, these decisions would be controlling, but these cases clearly have no application here. Plaintiff makes no showing as to anything that transpired with reference to this trailer between the time it was delivered to Holzworth Trucking Company in Illinois in August, 1952, and the date of its seizure in Florida in the hands of a stranger to that transaction. The trailer bore no Illinois license or any other notice to put this Court or the purchaser at the Marshal's sale on notice necessitating an inquiry in the State of Illinois as to the ownership of the trailer. Plaintiff does not allege the chattel mortgage was recorded in Alabama or Louisiana and counsel for plaintiff admitted on oral argument that as far as he knew it was not so recorded. As far as this record shows, Holzworth Trucking Company is the only person legally responsible to plaintiff for the balance due on the trailer. In reaching its decision this Court is of the opinion that it should be governed by the decision of the Supreme Court of Florida in Inman v. Rowsey, 41 So.2d 655. In that case the Supreme Court of Florida held that "When one of two innocent parties must suffer through the wrongful act of the third person, the loss should fall upon the one who by his

conduct enabled the third party to perpetrate the wrong or cause the loss." In this case plaintiff by its conduct as disclosed by the record is estopped to assert its claim against defendant.

A judgment will be entered herein in accordance with this memorandum decision.