## No. 851

### HAUEISEN v. CENTRAL ACCEPTANCE CORP.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8253. Decided Oct. 10, 1927.

**First Publication of this Opinion**

Syllabus by Editorial Staff.

**229. CHATTEL MORTGAGES—Not prior to lien of execution creditor, unless filed in county where mortgagor resided at time of execution.**

Error to Municipal Court.

Judgment reversed.

Frank W. Emslie, Cleveland, for Haueisen.
Geo. A. Hettinger, Cleveland, for Cent. Acceptance Corp.

### FULL TEXT

VICKERY, J.

This cause came into this court on a petition in error to the Municipal Court of the City of Cleveland, to reverse a judgment appropriating the proceeds of a certain automobile which was seized on execution by the plaintiff in error to satisfy a judgment.

There is no claim but what the judgment was a valid subsisting judgment. It seems that the execution debtors had bought this automobile when they lived in Portage County. A chattel mortgage was given some time later to The Brookside Garage Company, who sold it to The Central Acceptance Corporation. At the time this mortgage was given, as already stated, the mortgagors resided in Portage County and remained there for some time. The mortgage was never filed for record in Portage County, but was filed for record in Cuyahoga County. At the trial of this action the mortgagors were ordered to be made parties by the court, and they came in and set up their mortgage, and the property having been sold and the money being in court to be marshaled, the court ordered the satisfaction of the mortgage prior to the satisfaction of the execution, and it is to reverse that judgment that error is prosecuted here.

It is admitted that this mortgage was not filed in the county where these people resided at the time of the execution of the mortgage. A mortgage as against execution creditors is invalid, if the statute is not complied with in respect to the filing of it where it should be filed, and filing it in the county where the mortgagor did not live would have no effect upon the mortgage and no effect upon the execution upon the property. The mortgage is ineffectual and therefore the judgment of the court in this case should have been that the lien of the execution creditor was prior to that of the mortgage. The mortgage was good as against the mortgagor perhaps, but it was not good as against execution creditors.

There has not been any case cited to us where the mortgage is held to be valid as against execution creditors where it is not filed where the mortgagors reside at the time of the execution of the mortgage. We know of no

provision in the statute which authorizes a transfer of the mortgage if the parties move to another county. If the mortgage had been filed in the proper county, it would have protected the interests of all the parties involved.

For the reason that as against the execution creditor the mortgage holder had a postponed lien, the judgment of the court below was wrong and erroneous and must be reversed. Inasmuch as the facts in this case are admitted, there will be a judgment for the plaintiff in error for the amount of money that would be coming to it, as its lien was prior to that of the general mortgage.

Judgment reversed and judgment for plaintiff in error.

(Sullivan, PJ., and Levine, J., concur.)