## SALKIND v. DUBOIS.

### In re MINERAL-LAC PAINT CO.
### No. 6335.

Circuit Court of Appeals, Third Circuit.
May 10, 1937.

Rehearing Denied June 28, 1939.

BUFFINGTON, Circuit Judge, dissenting on rehearing.

---

Nochem S. Winnet, of Philadelphia, for appellant.

M. Norman Dubois and Joseph L. Ehrenreich, both of Philadelphia, for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

Hannah Salkind filed a reclamation petition with the referee in bankruptcy seeking to reclaim certain machinery and equipment in the possession of the trustee of the Mineral-Lac Paint Company, bankrupt. Mrs. Salkind claims to have been the owner of the machinery and equipment, to have sold it to Bessie Rose upon a conditional sales contract which, minus a certain Schedule A describing the machinery and equipment in question, was duly recorded in the office of the prothonotary for Philadelphia county.

The learned District Judge held that ample evidence supported the finding of the referee to the effect that Mrs. Salkind was not the owner of the machinery and equipment at the time of the making of the conditional sales contract, and that Mrs. Rose did not buy the machinery in question, but was a mere straw party or agent for the bankrupt which was the real purchaser and party in interest. He also held that the omission of Schedule A from the conditional sales contract as recorded in the office of the prothonotary for Philadelphia county was the omission of such a necessary portion of the conditional sales contract as to render the language of the contract in respect to the description of the property sold insufficiently precise or definite, and that therefore the reservation of property under the contract was void as to any creditor of the buyer who acquired by attachment a lien upon the goods. In re Bazemore (D.C.) 189 F. 236; In re Ford-Rennie Leather Co. (D.C.) 2 F.(2d) 750–756; Meier & Frank Co. v. Sabin (C.C.A.) 214 F. 231.

Pursuant to the provisions of section 47a (2) of the Bankruptcy Act, 11 U.S.C.A. § 75 (a) (2), a trustee is deemed vested with all of the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings upon property coming into the custody of the bankruptcy court, and therefore the attempted reservation of property was void as against the trustee.

We agree with the findings of the District Judge. His decree dismissing the petition for review, approving the findings of the referee in bankruptcy, and decreeing title to the machinery and equipment to be in the trustee in bankruptcy is affirmed.

### On Motion for Rehearing.

An opinion was filed by this court in the case at bar upon May 10, 1937, affirming the decision of the court below. In this opinion, we stated that: "The learned District Judge held that ample evidence supported the finding of the referee to the effect that Mrs. Salkind was not the owner of the machinery and equipment at the

time of the making of the conditional sales contract, and that Mrs. Rose did not buy the machinery in question, but was a mere straw party or agent for the bankrupt which was the real purchaser and party in interest. He also held that the omission of Schedule A from the conditional sales contract as recorded in the office of the prothonotary for Philadelphia county was the omission of such a necessary portion of the conditional sales contract as to render the language of the contract in respect to the description of the property sold insufficiently precise or definite, and that therefore the reservation of property under the contract was void as to any creditor of the buyer who acquired by attachment a lien upon the goods."

It appeared from the record that Mrs. Salkind had filed a reclamation petition in the proceedings by which she sought to have returned to her certain machinery and equipment contending that such were her property. Our decision was based upon two grounds: first, that Mrs. Salkind was not the owner of the machinery and equipment at the time the conditional sales contract was executed; second, that the list of property to which title was reserved was omitted from the recorded contract.

A petition for rehearing was thereupon filed with us. This petition set forth that Mrs. Salkind was the owner of the machinery and equipment and that she could prove this to be a fact, if opportunity were afforded to her. Specifically, counsel for Mrs. Salkind alleged that he conducted the trial of his cause before the referee " * * * realizing that the only question involved was the validity of the conditional sales contract, and, therefore, did not offer overwhelming evidence as to every item in the conditional sales contract which would conclusively prove that Hannah Salkind was the owner of the merchandise on which the Reclamation Petition was brought. The petitioner felt that it was his duty as a lawyer not to offer evidence on a point not in issue, and if this Honorable Court believes that in spite of the allegations and admissions in the Answers of the Receiver and the Trustee, that title was an issue, then it should refer this matter back to the referee for the purpose of taking testimony on the question of title."

In order that the claimant might have full opportunity to establish her claim to the property, upon July 7, 1937, we entered an order referring the case back to the referee to take testimony in respect to the title to the property claimed by the appellant in the reclamation petition and directed further that after the referee had made his findings in respect to the issue of ownership, the record should be reviewed by the District Court which should report them to this court.

The proceedings which we directed to be taken, were taken. The appellant offered and the referee received at divers hearings testimony upon the issue of her ownership of the machinery and equipment. This testimony is in excess of ninety printed pages and it cannot be contended successfully that the appellant did not receive her day in court to present her side of the controversy. Upon November 3, 1938, the referee filed a carefully considered report in which he said, "As I stated at the beginning of this report, I found against Mrs. Salkind in my original opinion and order, and I am now again finding against her in that she has offered no particle of testimony which would justify me in coming to any other conclusion."

Exceptions were taken to this report and a hearing was had upon the exceptions before Judge Maris, who, upon December 16, 1938, filed an opinion in the cause in which he stated, "After careful consideration of all the evidence produced before the referee we have reached the conclusion that the referee was right in holding that Mrs. Salkind's claim of title to the goods in question has not been established. The evidence which she produced, all of which has been fully discussed by the referee in his report, was so vague, conflicting and unsatisfactory and in so many respects contradicted by other established facts as to make any other conclusion impossible."

The learned judge found that the only exception to the referee's finding which should be sustained was an item of a Frigidaire water cooler which was admitted by the trustee to belong to Mrs. Salkind.

Upon March 23, 1939, this court sat and heard argument in extenso by the parties in respect to the issue of Mrs. Salkind's ownership of the machinery and equipment.

We have now reviewed carefully the original record and we have considered fully all of the testimony offered by the

appellant at the hearings before the referee held following our order of July 7, 1937. We state that we are unable to reach the conclusion that Mrs. Salkind was the owner of the property sought to be reclaimed by her. In fact it is abundantly clear that she is not and never was the owner thereof or possessed any interest therein either at law or in equity. .

Rehearing is denied.

BUFFINGTON, Circuit Judge, dissents.