## In re MEAGHER.

### No. 20789.

District Court, E. D. Pennsylvania.

Aug. 2, 1940.

H. E. Potter and Frank A. Moorshead, both of Philadelphia, Pa., for petitioner-claimant.

Harry L. Jenkins, Jr., and Jenkins, Bennett & Libby, all of Philadelphia, Pa., for trustee.

BARD, District Judge.

This is a petition for review of the Referee's order dismissing a reclamation petition whereby petitioner sought to have the Trustee of the Bankrupt release his claim on certain merchandise in the possession of a third party.

The points in controversy are (1) whether the Bankrupt was a purchaser from or merely a selling agent of the petitioning claimant, and (2) the problem of burden of proof in this regard.

The evidence introduced in the proceeding before the Referee was as follows: On or about January 17, 1939, on instructions by the Bankrupt, the claimant, the Gilbert Casing Co., Inc., of New York City, shipped goods to the value of $350 to the Beste Provision Co., in Wilmington, Delaware, a customer of the Bankrupt. An invoice was mailed to the Bankrupt stating, inter alia: "Sold to W. L. Meagher, 707 Callowhill St., Philadelphia, Pa.", "Terms: On Consignment", and "All claims must be made within 10 days from date of invoice" (Exhibit A). An unsigned writing was offered in evidence which, according to the claimant, contained the terms of an oral agreement between it and the Bankrupt. The writing provided: " * * * any shipments of merchandise made by Gilbert Casing Co., Inc., for the account of and/or in the name of Walter L. Meagher after the date of this agreement shall remain the property of Gilbert Casing Co., Inc., and title thereto shall not vest in Walter L. Meagher, but shall be deemed delivered to him or for his account on consignment

only. When payment shall be made by the said Walter L. Meagher to Gilbert Casing Co., Inc. for any merchandise delivered as hereinbefore provided at the price for which the same shall be charged to the said Walter L. Meagher upon the receipt or memorandum of sale, title thereto shall then pass to said Walter L. Meagher and not before." (Exhibit B.)

There is no evidence of prior dealings between the parties. Norman C. Pirson, secretary of the claimant corporation, testified that one day in January 1939, the Bankrupt gave him two orders by telephone, one of $350 to be shipped to the Beste Provision Co. in Wilmington and another of $1,200 to be sent to the Wilmington Provision Co. in the same city; that he told the Bankrupt that the latter would receive 7% commission against the sales, payment to be made by the Bankrupt as soon as received from the customers; that the Bankrupt was informed that a written agreement to that effect would be sent him, to which he agreed; that, failing to receive back the written agreement signed by the Bankrupt, Pirson took a chance and shipped the $350 order but held up the $1,200 order; that the bankruptcy occurred shortly thereafter (N.T. 85-86). Pirson testified that the Beste Provision Company was not a party to the foregoing agreement, had no notice of it, and dealt only with the Bankrupt (N.T. 86-88). He denied that he knew, at the time, that the Bankrupt was a dealer in casings although he admitted knowing that the latter had an office in Philadelphia (N.T. 87).

The Beste Provision Company refused to accept the shipment because of alleged defects. Shortly thereafter, · bankruptcy intervened with both the claimant and the trustee seeking to obtain the merchandise. The Beste Provision Company retained the goods awaiting the decision of this Court as to who may be entitled to the possession thereof.

In support of his order dismissing the reclamation petition, the Referee declared that the evidence pointed "to a sale rather than a bailment both from the intention of the parties and their conduct with relation to the transaction" and, further, that since a reclamation proceeding is akin to one in replevin, the claimant must establish its own right to possession "by allegations and proof sufficient according to the strictest practice to sustain an action in replevin * * * and the burden is on him to show

his title.". Applying the foregoing rule, the Referee was of the opinion that "this claim has not been established by that degree of proof which would justify its allowance."

First, with regard to the question of burden of proof, since petitioner seeks an order on the Trustee in Bankruptcy to release a claim on goods regarded by the latter as part of the bankrupt estate, it would appear incumbent upon him to establish his right to possession, as against the Trustee, by a preponderance of the evidence. Although the Referee employed somewhat different language in stating the rule applicable, no substantial variation from the foregoing statement appears to exist.

Regarding the nature of the relationship between the bankrupt and the claimant, it is the opinion of this Court that petitioner has not sustained his burden of proving the agency agreement as alleged. Although all of the circumstances do not tend to establish the fact of a sale, it may be noted that the bankrupt was a regular dealer in casings, that the invoice contained the notation "Sold to W. L. Meagher" and "All claims must be made within 10 days from the date of invoice", and that the writing allegedly representing the oral understanding of the parties contained no provisions for an accounting by the bankrupt of receipts from his customers or for returns of goods. Controverting the implication of sale is the testimony of Pirson, claimant's secretary, that the agreement was that the Bankrupt merely was to be a commissioned salesman and that the writing, containing the provisions as to the retention of title, was agreed to by the parties over the telephone. It is to be noted, however, that there is some variation between the original oral telephone agreement testified to by Pirson and the writing allegedly representing the understanding of the parties in that the latter is silent as to any payment for commissions. The notation on the invoice "On consignment" does not preclude the consideration of a sale, because the other notation thereon, sent to the bankrupt but not to the Beste Provision Company, that "All claims must be made within 10 days" would seem to indicate a sale to the bankrupt. If the title to the goods never was to pass to the bankrupt, then surely he did not have to concern himself with claims for defects and certainly therefore

was not bound to present such claims within ten days from the date of the invoice. The invoice is not controlling either way in so far as it is regarded merely as a statement of the nature, quantity and price of the thing invoiced. Dows v. National Exchange Bank of Milwaukee, 91 U.S. 618, 630, 23 L.Ed. 214; In re Smith & Nixon Piano Co., 8 Cir., 149 F. 111, 113. There are also the further circumstances that the Beste Provision Company dealt only with the Bankrupt and had no notice of any agreement such as that alleged by claimant. It should be observed that although this last mentioned circumstance is quite consistent with the existence of an undisclosed agency, no reason for the non-disclosure is suggested by the evidence.

The Referee felt that the evidence pointed toward the relationship of seller and buyer. Whatever may have been the true understanding of the parties, and it appears that the evidence is not conclusive one way or another, it does seem clear, however, that the Referee did not err in finding that the petitioner-claimant had failed to sustain his burden of proof with regard to establishing his right to the possession of the merchandise.

Accordingly, the Order of the Referee is confirmed.