In re CHATHAM JEWELERS, Inc.

No. 87818.

United States District Court
S. D. New York.

Dec. 1, 1952.

Supplemental Opinion Dec. 11, 1952.

Nathaniel Phillips, New York City, for petitioners.

Menin & Herzog, New York City, for trustee.

EDELSTEIN, District Judge.

Petitioners seek review of the referee's order compelling the performance of a compromise. In the face of information that the trustee would proceed against petitioners for the difference between prices paid by them to the bankrupt for merchandise and the cost of the merchandise to the bankrupt, petitioners offered to compromise "any and all claims which the trustees might assert" against them for $7,500, accompanying the offer with a check for $750. The offer was accepted by creditors at a meeting called to consider the offer; subsequently, upon the trustee's petition, and after appropriate notice and a hearing, the referee made an order "authorizing" the compromise.

Petitioners contend first that the offer was withdrawn before it was accepted pursuant to the referee's authorization. But the referee's "authorization" was in effect an approval of the offer, and under the doctrine of In re Sobod, Inc., D.C., 25 F. Supp. 344, the court may by summary order hold the defaulting offeror to performance of the compromise.

It is further argued that the compromise was entered into as a result of a

mistake of law, in the belief that the trustee could compromise claims based on merchandise which the debtor did not own, but held only on memorandum or consignment. Since he cannot settle such claims, and since petitioners assert that all but one of the items subject to the compromise were memorandum items, it is urged that the trustee had almost nothing to compromise and that an effectuation of the compromise would unjustly enrich the estate. But there is adequate evidence to sustain the referee's finding that the petitioner's attorney labored under no misapprehension of the law. Nor is the finding that the trustee had claims based upon non-memorandum items, owned by the bankrupt and sold to the petitioners for an aggregate of $8,899 below cost, clearly erroneous. Consequently, the compromise for $7,500 does not appear to be inequitable and the order of the referee is confirmed.

Supplementary Memorandum

It has been called to my attention that a comment in the court's memorandum in this case, filed on December 1, 1952, might possibly be interpreted as a reflection upon one of the lawyers. I state for the record that any such interpretation is utterly unfounded. The court's function with respect to facts, upon a certificate of review, is the narrow one of determining whether or not the referee's findings were *clearly* erroneous. Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. A conclusion that his findings were not clearly erroneous does not involve initial and independent findings by the court, and it is, moreover, entirely consistent with a feeling by the court that, if it were free to make its own findings independently of those of the referee, it would reach a different result. I repeat, therefore, that no independent findings of the court were made in this case, and certainly no moral judgment of any individual was implied nor can it in reason or conscience be inferred.

I instruct that this supplementary memorandum be made a part of the official file of the case.