**In the Matter of John W. SMITH and Mary Ann Smith, individually and jointly, Bankrupt.**

**No. 26931.**

United States District Court
E. D. Pennsylvania.

May 12, 1962.

Rhoda, Stoudt & Bradley, by D. Frederick Muth, Reading, Pa., for trustee.

Morgan, Lewis & Bockius, by Alan L. Reed, Philadelphia, Pa., for petitioner.

WOOD, District Judge.

This is a petition to review an order of the Referee in Bankruptcy dismissing the reclamation petition of Bender and Shoemaker. The Referee held that petitioner's security interest in certain air conditioning and heating equipment was voidable by the Trustee as a preferential transfer under Section 60, sub. b of the Bankruptcy Act.

The undisputed facts are set forth in the petitioner's brief as follows: On September 20, 1960, the bankrupts and the petitioner entered into a security agreement and financing statement in connection with the installation of the cooling and heating equipment in the bankrupts' diner. Thereafter, in accordance with its usual practice, petitioner took the security agreement and financing statement to the City Bank and Trust Company to be discounted and at that time received payment from the bank.

No installments were ever paid by the bankrupts; therefore, the petitioner was required to repurchase the papers from the bank. When the security interest and financing statement were returned to the petitioner, it discovered that the bank had failed to file the papers in accordance with the provisions of Section 9–401 of the Pennsylvania Uniform Commercial Code as amended, 12 A.P.S. § 9–401. Petitioner thereupon filed the necessary papers in the office of the Prothonotary for Berks County and in the office of the Secretary of the Commonwealth in Harrisburg. The filing was accomplished by August 25, 1961. On August 28, 1961, the Smiths filed a voluntary petition and schedules in bankrupt-

cy, and were adjudicated bankrupt on the same day.

The *filing* of petitioner's security interest put petitioner in the status of a lien creditor entitled to reclaim its property from the bankrupt estate. However, since the filing took place only three days prior to the adjudication of the debtors' bankruptcy, the Referee examined the facts to see whether Section 60 of the Bankruptcy Act was applicable. That section provides in pertinent part as follows:

"Preferred creditors

"(a) (1) A preference is a transfer,[1] as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

"(2) * * * a transfer of property other than real property shall be deemed to have been made * * * at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee. * * *

"(b) Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby * * * has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. * * *" (11 U.S. C.A. § 96.)

The Referee determined that the filing of the petitioner's security interest three days before bankruptcy constituted the "transfer" within the meaning of Section 60; and that since the debt covered by the security interest was created some eleven months before when petitioner delivered the equipment to the bankrupts' diner, that the transfer was one for an antecedent debt. These conclusions are not disputed by petitioner.

The Referee also found that the transfer in question was made while the bankrupts were insolvent; that the transfer enabled the petitioner to obtain a greater percentage of his debt than some other creditor of the same class; and that petitioner had reasonable cause to believe that the debtor was insolvent at the time the transfer was made. The Referee did not detail the evidence upon which he based his findings in his opinion, but stated simply:

"From the foregoing analysis of the application of sub-section 2 of Section 60(a) it therefore appears the delay in filing by the petitioner for over eleven (11) months until three (3) days before the bankruptcy has rendered the security interest of the petitioner voidable by the trustee as a preferential transfer. All the statutory elements appear to be present." (Referee's Order, pp. 5, 6.)

Petitioner contends that the Referee has not sustained his ultimate findings as he is required to do; and that in any event, there is insufficient evidence in the record to support the findings that 1) the Smiths were insolvent at the time the security interest was filed; 2) the petitioner had reasonable cause to believe that the debtors were insolvent; or that 3) the effect of the transfer would be to enable petitioner to obtain a great-

---

1. A "transfer" is defined in the Bankruptcy Act as follows:
   " 'Transfer' shall include the sale and every other and different mode, direct or indirect, of disposing of * * * property or with an interest therein * * * or of fixing a lien upon property * * *; *the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor.*" (Emphasis supplied.) (11 U.S. C.A. § 1, sub. 30.)

er percentage of its debt than some other creditor of the same class.

We do not see that anything would have been added to the clarity of the Referee's Order by a detailing of the evidence which he thought sufficient to sustain findings of insolvency and reasonable belief of insolvency. There was no question of credibility of witnesses, or of weighing conflicting testimony. The question before the Referee in this regard was simply whether or not he viewed the following undisputed facts as sufficient to find that petitioner had reasonable cause to believe that the Smiths were insolvent on August 25, 1961.

Those facts were that in the spring of 1961, after the Smiths had failed to pay any of the installments due under the contract, the petitioner, without notice to the bankrupts, removed some of the air heating and conditioning equipment from the diner. Thereafter, other creditors of the bankrupts pleaded with the petitioner to replace the equipment "because they said that they (the Smiths) would have to close unless we (petitioner) would agree to put the equipment back in operation again." (Record p. 34) The equipment was then replaced by petitioner, but first coin meters were installed which insured petitioner's collecting some money for the operation of the equipment. In light of this evidence, we think the finding of the Referee that the petitioner had reasonable cause to believe the Smiths were insolvent on August 25, 1961, was not clearly erroneous.

Petitioner also contends that there is no evidence from which the Referee could have found that the Smiths actually were insolvent on the date of the filing of the security interest. The word "insolvent" refers to the excess of liabilities over assets. The schedules filed on August 28 by the Smiths with their petition in bankruptcy shows that their liabilities *did* exceed their assets: these papers were sworn to on August 25, *the same day* that petitioner filed its security interest. This was certainly evidence that the Smiths were insolvent, in the bankrupt sense, on August 25, 1961.

Finally, petitioner contends that there is no evidence that the transfer would enable petitioner to obtain a greater percentage of its debt than some other creditor of the same class. But as the Trustee points out in his brief, the schedules show that the unsecured creditors will not be paid in full. Since the transfer would enable the petitioner to reclaim its equipment, it would thereby enable petitioner in effect, to be paid in full, and thus obtain a greater percentage of its debt than other unsecured creditors.

For all of the foregoing reasons, we find that none of the Referee's findings were clearly erroneous. The Order of the Referee will be affirmed.