**In the Matter of LUX'S SUPERETTE, INC., Bankrupt.**

**No. 26513.**

United States District Court
E. D. Pennsylvania.

July 17, 1962.

William C. Wickkiser, Allentown, Pa., for Kendall Company.

William E. Schantz, Allentown, Pa., for Commercial Credit Corp.

Attorneys for Petitioners.
Maxwell E. Davison, Allentown, Pa.
Attorney for Trustee.

FREEDMAN, District Judge.

We have before us for review an order of Referee Hiller in a bankruptcy reclamation proceeding. Petitioners claim title to certain property found in the possession of the bankrupt corporation. They claim that the property involved belongs to Donald M. Balliet and Lambert Lux, the principals of the bankrupt corporation and that even if the property does constitute part of the bankrupt's estate a perfected security interest in their favor exists which takes priority over the Trustee's claim. The facts are somewhat obscure and some of the evidence appears inconsistent. The findings of the Referee present, in brief, these facts:

On October 29, 1959, Kendall Company, one of the Petitioners, received a purchase order for certain fixtures and equipment. The purchase order describes the sale as made to "Lux's Superette, Inc.", but is signed by Messrs. Balliet and Lux without any corporate designation. On November 2, 1959, Lux's Superette, Inc., became incorporated as a Pennsylvania business corporation. Its stockholders were Balliet and Lux and their wives. On November 19, 1959, Balliet and Lux signed a conditional sales contract covering almost all the equipment included in the purchase order of October 29, 1959. The conditional sales contract was made with Kendall at the request of Commercial Credit Corporation, the other Petitioner, to whom it was subsequently assigned. On December 9, 1959, Lux's Superette opened for business. Although the original down payments and one installment probably were made by Balliet and Lux,[1] the remaining payments were made by the corporation. On January 3, 1961, the corporation was adjudicated a bankrupt. The

Trustee then took possession of the equipment and the Petitioners filed the present reclamation petition. The Referee dismissed the petition and the case was certified to us.

The findings of fact of the Referee may not be disturbed unless they are shown to be "clearly erroneous" (General Order 47), even though in the first instance we might have found otherwise. In re Chatham Jewelers, Inc., 108 F.Supp. 385, 386 (S.D.N.Y.1952).

The burden was on the Petitioners to establish their ownership of the property. Hagan v. Gardner, 283 F.2d 643 (9th Cir. 1960); see Salkind v. Dubois, 105 F.2d 640 (3d Cir. 1937). If the precise relationship of the rival claimants is left uncertain the Petitioners have failed to meet their burden. National Silver Co. v. Nicholas, 205 F.2d 52 (5th Cir. 1953); In re Meagher, 35 F.Supp. 58 (E.D.Pa.1940).

A careful review of the record convinces us that the Referee's findings of fact are supported by competent evidence. Indeed, the inconsistencies in Petitioners' case make it clear that they have failed to sustain their burden. The purchase order of October 29th (Petitioners' Exhibit No. 7) for example, indicates a sale to the corporation although the signatures show no corporate designation. The same purchase order was filed as a financing statement with the Prothonotary of Lehigh County in December, 1959, but another financing statement (Petitioners' Exhibit No. 8) filed with the Prothonotary of Northampton County on January 15, 1960, indicates as the debtor "Donald M. Balliet-Lambert Lux, Lux's Superette."

The conditional sales contract of November 19, 1959 provides that the "purchaser shall * * * keep equipment insured * * * with loss payable to seller and *purchaser* as their interests may appear." The policy insured the

---

1. These payments were made by checks carrying the designation "Lux's Superette" at the top and also above the signatures. Below each signature appear the words "an authorized signature."

creditor and the corporation, but not the individuals. This is important evidence of the understanding of the parties that the corporation, not the individuals, owned the property, particularly so since the broker who obtained the policy was Balliet, one of the individuals.

A financial statement of Lux's Superette, dated July 31, 1960, listed the equipment as an asset of the corporation. This statement, as the Referee found, was furnished to Lux and Balliet. This also is significant evidence of the understanding of the individuals that the property belonged to the corporation. It is in harmony with this that the corporation at all times had possession of the equipment and used it in its business. Some payments under the contract were demanded at the corporation's place of business. These demands were made on a Mr. Stocker, who had become an officer of Lux's Superette, thus making even more clear the distinction between the two individual owners and the corporation.

We find, as did the Referee, that Petitioners have failed to carry their burden of showing their title to the property. It is unnecessary therefore to pass on the merits of the alternative legal theories which the Referee adopted.

■ At the oral argument Petitioners also argued that even if the property belonged to the bankrupt, they had a perfected security interest therein. A security interest in equipment such as this is perfected under the Uniform Commercial Code by filing a financing statement (12A P.S. § 9–302). The present transactions occurred prior to the effective date of the 1959 Amendments to the Code. Section 9–401(1) (a) as it then existed (12A P.S. § 9–401(1) (a)) provided that proper filing on such equipment must be completed with the Secretary of the Commonwealth and if the debtor's business is in a single county then also with the prothonotary of that county. Petitioners admittedly failed to file a financing statement with the Secretary of the Commonwealth. They seek to excuse themselves on the ground of a good-faith filing under § 9–401(2) (12A P.S. § 9–401(2)). The Referee properly rejected this argument because that section requires either a proper filing as to some property, or knowledge by creditors of the filing of a financing statement in one although not in both places. See, In the Matter of Luckenbill, 156 F.Supp. 129 (E.D.Pa.1957), and also, In the Matter of Smith, 205 F.Supp. 30 (E.D.Pa. 1962). Neither of these conditions exists here. It follows that the security interest was not perfected.

### ORDER

AND NOW, this 17th day of July, 1962, the order of the Referee denying the reclamation petition is affirmed.