In re Campbell.

[Cite as In re Campbell, 8 Ohio Misc. 197.]

(No. 23552—Decided May 9, 1966.)

In Bankruptcy: District Court of the United States for the Southern District of Ohio, Western Division.

·Mr. Robert Nolan, for bankrupt.
Mr. Richard V. Faber, trustee.
Mr. R. L. Cousineau, for trustee.
Mr. Charles F. Young.

Kerr, Referee in Bankruptcy. The bankrupt executed a security agreement with Farmers and Citizens Bank as the creditor. The bank is referred to in Schedule A2 as "Trotwood Bank." Consideration for the agreement was advancement of money used to buy equipment used in the operation of the business of the bankrupt which equipment is described in the agreement. The business was located in Montgomery County, Ohio, wherein the bankrupt lived. It is the only county in which bankrupt was engaged in business which ceased operation November 1, 1965. Petition for voluntary bankruptcy was filed November 17, 1965.

There is no dispute that the security agreement was filed with the Recorder of Montgomery County, Ohio, January 10, 1964, and that neither agreement nor financing statement was ever filed with the Secretary of the State of Ohio.

By agreement the chattels were sold, the Trustee in Bankruptcy to hold the proceeds of sale until determination of the validity and/or extent if any lien held by the bank.

There is no question that a filing is required to perfect the security interest as provided in Section 1309.21, Revised Code (UCC9-302).

The question raised is whether the security interest is perfected in compliance with Section 1309.22, Revised Code (UCC9-303), which provides that "all of the applicable steps required for perfection" be taken before a security interest is deemed perfected.

Out of this arises the dispute in this case, to wit: Is the filing in just the county recorder's office sufficient?

The memorandum in support of claim of Farmers & Citizens Bank states "paragraph (B)" of Section 1309.38, Revised Code, has never been construed by the courts.

Assuming the Ohio law has not been construed by Ohio courts, its provisions have been. Such provisions are a part of the Uniform Commercial Code. As such they have been construed by courts in other states. That such courts are other than Ohio courts does not necessarily make the reasoning in those decisions inapplicable to our Ohio statute.

The decisions of Pennsylvania Courts are of importance not only because of the length of time that the Uniform Commercial Code has been in effect but also because the wording of the statute of that state is almost identical with the Ohio law.

Various cases are cited in both the memorandum filed on behalf of the bank and in the brief of the trustee. For the purpose of our determination three of these cases should be considered. These are: Re: Luckenbill, 156 F. Supp. 129 (a 1957 case involving 1955 transactions); In re: Smith, 205 F. Supplement 30; and In re: Lux's Superette, Inc., 206 F. Supp. 368 (the latter two being 1962 cases).

The Pennsylvania statute has, it is true, been amended. The statute was worded differently at the time of the Luckenbill case than at the time the Smith case was decided. But the intent and the meaning remained the same as to the issue involved in the instant case.

Section 1309.38 (B), Revised Code (Uniform Commercial Code 9-401; Pennsylvania Code Section 9-401 [2]) can, for our purposes, be divided into two parts. We are not concerned here with the latter part. That issue is not here involved. There can be no doubt as to the meaning of this latter part of

the Code Section. It provides that a filing is effective with regard to collateral covered by the financing statement against a person who knows of the contents of such statement.

Section 1309.38 (B), Revised Code, is as follows:

A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of Section(s) 1309.01 to 1309.50 inclusive, Revised Code, and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

We are here concerned with the first portion of that section. That it has caused confusion and misunderstanding among members of the bar, businesses and businessmen in general is evidenced by argument of counsel for the bank. The memorandum in support of the claim of the bank contains the following argument:

"This provision would apparently validate an improper filing which otherwise complies with Sections 1309.01 to 1309.50 inclusive, Revised Code (but exclusive of Section 1309.38, Revised Code). To otherwise interpret this section would be to destroy completely the effective paragraph 'B.'

"The legislature did not intend to provide for filing in two locations (Section 1309.38, Revised Code), then to provide further that if filed in only one location, Section 1309.38 (B), Revised Code, that such filing would still be effective only if Sections 1309.01 to 1309.50, Revised Code (including the provisions of Section 1309.38, Revised Code), were complied with. Such a situation would obviously never develop. It would be impossible to comply with Section 1309.38, Revised Code, and still fail to comply with Section 1309.38, Revised Code."

The bank contends that although Section 1309.38 (A) (3), Revised Code, apparently requires filing in both the Office of the Secretary of State and the Office of the County Recorder the provisions of Section 1309.38 (B), Revised Code, contain a "savings clause" which protects the bank.

If paragraphs (A) and (B) of this section were parts of separate laws in separate volumes of the Ohio Revised Code passed at different times, there might be some question as to

conflict or meaning but they are a part of the same section. They should not be construed to be in conflict. Construing this entire section as a whole the meaning of Section (B) seems clear.

This paragraph applies to instruments where various types of collateral are involved and are included in the same instrument. As to a filing which involves various kinds of collateral which are governed by different provisions of the law, some of which require filing in only one place and some of which require filing in two places, such filing as is made is "effective with regard to any collateral" included in the instrument filed if as to such collateral the filing required is that which has been effected. Thus, merely because filing requirements are not complied with as to all collateral, the filing is not ineffective as to the collateral in regard to which the filing would be valid if such collateral were in a separate instrument.

The good faith of the bank is not disputed. But good faith is not enough. U. S. Referee in Bankruptcy Russell Hiller in the Pennsylvania case of *Re: Luckenbill,* 156 F. Supp. 129 at 131, well stated it:

"One may ask, under what circumstances is a filing not made 'in good faith?' * * * failure to comply with the filing requirements of the code can not be excused by a mere showing of good faith on the part of the party whose omission brought him to grief."

The Pennsylvania Code Section 9-401 (2), is similar to our Section 1309.38 (B), Revised Code.

The above case involved a reclamation petitioner who sought, as the bank does in the instant case, to rely upon this Code Section. U. S. District Judge Egan in affirming the Referee noted that the language of the section is not so clear as it might be but the petitioner's construction would nullify Section 9-401 (1) which is the primary statutory provision governing where filing shall take place.

The case of *In re Smith,* 205 F. Supp. 27, involved a filing which did not comply with legal requirements. Petitioner based argument on 9-401 (2), similar to our Section 1309.38, Revised Code. The Referee rejected the argument on the ground the petitioner presented no evidence that it came within the pro-

visions of this section. The referee was affirmed. At page 29 of the opinion it was stated:

"In any event we think it was the burden of the petitioner to show that in all respects it came within the provisions of this section which it had invoked as an exception to the ordinary filing requirements of the code. This it has failed to do."

The same may be said of the bank in the instant case.

*In Re: Lux's Superette, Inc.*, 206 F. Supp. 368, was a case where there was a failure to file financing statement with the Secretary of the Commonwealth. Excuse of this failure was based on the "good faith" provision of the code similar to our Section 1309.38 (B), Revised Code. The Referee rejected this because that section requires either proper filing as to some property, or knowledge of the filing. Neither of these conditions existed. Held that interest was not properly perfected.

It is our opinion that in the instant case the Farmers & Citizens Bank in order to perfect its security interest per Section 1309.22, Revised Code, should have filed with both the County Recorder and the Secretary of State as required by Section 1309.38 (A) (3), Revised Code; that it failed to show that it came within the provisions of Section 1309.38 (B), Revised Code; and that the rights of the Trustee in Bankruptcy are paramount as to the property in question per Section 70, sub. c, of the Bankruptcy Act.