912

In re CHAGRIN VALLEY DENTAL ASSOCIATES, Debtor.

Myron E. WASSERMAN, Trustee, Plaintiff,

v.

SOCIETY NATIONAL BANK, et al., Defendants.

Bankruptcy No. B85–00713.
Adv. No. B85–0357.

United States Bankruptcy Court, N.D. Ohio, E.D.

March 25, 1986.

Stephen D. Hobt, Cleveland, Ohio, for plaintiff.

Francine M. Gordon, Cleveland, Ohio, for defendant, Ameritrust Co. Nat. Assn.

## ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

The Trustee, Myron E. Wasserman, filed a complaint and amended complaint to sell personal property and determine validity, priority and extent of liens. By order of November 5, 1985, Trustee was authorized to sell the property and certain liens were transferred to the fund. Presently at issue is the validity and priority of the security interest of Ameritrust Company National Association (Ameritrust) in dental equipment. The parties submitted briefs in support of the following stipulations:

"1. On or about August 26, 1980, Richard P. Slaten, D.D.S. & Elliott A. Gross, D.D.S., an Ohio Partnership having its principal place of business at 32 W. Orange Street in the Village of Chagrin Falls, Cuyahoga County, Ohio, borrowed certain funds from the AmeriTrust Company National Association for the purchase of various items of dental equipment. In conjunc-

tion with said obligation, the Defendant, the AmeriTrust Company National Association, received a certain security interest in the aforementioned dental equipment, evidenced by the security agreement attached hereto and labeled Exhibit 'A'. Said Defendant further filed its financing statements for record with the Secretary of State for the State of Ohio on September 12, 1980 and with the Recorder for Geauga County, Ohio on September 2, 1980. Copies of the aforementioned financing statements are attached hereto and labeled collectively Exhibit 'B'.

"2. From prior to August 26, 1980 through the date of the filing of the bankruptcy petition, Richard P. Slaten resided in Geauga County, Ohio while Elliott A. Gross resided in Cuyahoga County, Ohio.

"3. On October 30, 1980, the partnership, Richard P. Slaten, D.D.S. & Elliott A. Gross, D.D.S., incorporated and became known as Richard P. Slaten, D.D.S. and Elliott A. Gross, D.D.S., Inc. A copy of the certificate of incorporation issued by the State of Ohio, Department of State is attached hereto and labeled Exhibit 'C'.

"4. On or about July 31, 1981, the Corporation, Richard P. Slaten, D.D.S. and Elliott A. Gross, D.D.S., Inc., moves (sic) its offices from its prior location of 32 W. Orange Street in the Village of Chagrin Falls, Cuyahoga County, Ohio to 551 E. Washington Street in the Village of South Russell, Geauga County, Ohio.

"5. On February 5, 1982, the Corporation, Richard P. Slaten, D.D.S. and Elliott A. Gross, D.D.S., Inc. amended its corporate charter with the State of Ohio to change the name to Chagrin Valley Dental Associates, Drs. Slaten & Gross, Inc. A copy of the certificate of amendment to the articles of incorporation and the certificate from the Department of State of the State of Ohio evidencing said amendment are attached hereto, made a part hereof, and labeled collectively Exhibit 'D'.

"6. At no time after September 12, 1980, were the financing statements amended or refiled in any manner until the filing of a continuation statement by the Defendant, the AmeriTrust Company National Association, on August 30, 1985, after the filing of the petition herein, with the Secretary of State for the State of Ohio and with the Recorder for Geauga County, Ohio, said financing statement being filed against the Debtor, Richard P. Slaten, D.D.S. & Elliott A. Gross, D.D.S., a Partnership. A copy of the filing with the Recorder for Geauga County, Ohio is attached hereto as a portion of Exhibit 'B'.

"7. On August 26, 1980, Richard P. Slaten, D.D.S. & Elliott A. Gross, D.D.S., an Ohio Partnership, had only one place of business, being at 32 W. Orange Street in the Village of Chagrin Falls, Cuyahoga County, Ohio."

In addition the Court finds:

8. On March 25, 1985, the Debtor, Chagrin Valley Dental Associates, filed a petition under Chapter 7 of the United States Bankruptcy Code.

Section 1309.21 of the Ohio Revised Code requires filing a financing statement to perfect a security interest in equipment of the kind in issue. Pursuant to Section 1309.38(A)(4), to perfect such security interest dual filing is required,

"(4) ... in the office of the secretary of state and, in addition, if the debtor has a place of business in only one county of this state, also in the office of the county recorder of such county..." Ohio Rev. Code § 1309.38(A)(4).

 Ameritrust filed with the State and Geauga County but not in Cuyahoga County, the only county in which the debtor was then doing business. Both parties agree this initial filing failed to perfect the security interest. Ameritrust argues, however, that the improper filing was cured when the debtor relocated its business in Geauga County on July 31, 1981. Trustee maintains Ameritrust's improper filing and failure to correct the error constitutes an unperfected security interest subordinate to his interest in the property. Ohio Revised Code Section 1309.20 provides an unperfected security interest is subordinate to the rights of a person who becomes a lien

**914**

creditor before the security interest is perfected. Ohio Rev. Code § 1309.20(B)(2). "Lien Creditor" is defined to include "... a trustee in bankruptcy from the date of the filing of the petition." Ohio Rev. Code § 1309.20(C). In addition, Section 544 of the Bankruptcy Code vests the trustee with rights and powers granting him priority over an unperfected security interest. 11 U.S.C. § 544. An unperfected security interest therefore, is subordinate to the rights of the Trustee.

Can an unperfected security interest resulting from filing in the wrong location become perfected by changing circumstances which constitute correct location filing? There is no definitive answer under the Uniform Commercial Code and conflicting decisions have resulted. See generally Frisch, *U.C.C. Filings: Changing Circumstances Can Make a Right Filing Wrong. But Can They Make a Wrong Filing Right?*, 56 S.Cal.L.Rev. 1247 (1983). There is no Ohio case law on this issue. The better reasoned view, however, precludes such cure. "If the secured party files a financing statement in the wrong county, then that filing is improper and, regardless of its sequence in relation to other requisites, perfection is unattainable." *International Harvester Credit Corp. v. Vos*, 95 Mich.App. 45, 290 N.W.2d 401, 28 U.C.C. Rep.Serv. 1187 (1980). See also *In re Kane*, 1 U.C.C.Rep.Serv. 582 (D.C.E.D.Pa. 1962); and *In re G.G. Moss Co., Inc.*, 9 B.R. 47 (Bankr.E.D.Va.1981).

Section 1309.38(A)(4) O.R.C., supra, requires dual filing in specific circumstances. Section 1309.38(B), referred to as the saving clause, provides:

"(B) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of sections 1309.-01 to 1309.50 of the Revised Code, and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement." Ohio Revised Code § 1309.38(B).

■ Section 1309.38(B) limits the efficacy of an improper filing to the stated circumstances. Filing is defined as "presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer." Ohio Revised Code § 1309.40(A). The propriety of a financing statement is determined on the date of presentment and acceptance by the filing officer. Improper filing fails to perfect a security interest under Section 1309.38(A) and is effective only as delineated in Section 1309.38(B). Subsequent change of circumstances, such as relocation of debtor's place of business, cannot cure the improper filing. To allow such cure would conflict with Section 1309.-40(A) which defines filing and would create conflict between Sections 1309.38(A) and (B). *In re Campbell*, 37 Ohio Op.2d 261 (D.C.S.D. Ohio 1966). A statement is either properly or improperly filed. Section 1309.38(B) sets forth the only effect of an improper filing. Ameritrust's improper filing is ineffectual under Section 1309.38(B).

■ Ameritrust requests the Court to "carve out an exception for a non-prejudicial good faith error". In similar circumstances, Ohio courts refused such exception. *Haueisen v. Central Acceptance Corp.*, 5 Ohio L.Abs. 776 (Ohio Ct.App. 1927). By enacting Section 1309.38, the legislature addressed the issue and Ameritrust does not benefit from the saving clause. Filing requirements are unequivocal and preclude discretionary balancing of the equities. *Uniroyal, Inc. v. Universal Tire and Auto Supply Co.*, 557 F.2d 22 (1st Cir.1977).

■ For reasons stated herein, Ameritrust's lien on the dental equipment is not a valid perfected security interest and, pursuant to the Bankruptcy Code and Ohio law, is subordinate to the rights of the Trustee.

IT IS SO ORDERED.