## LARSON COMPANY *v.* PEVOS

1. CHATTEL MORTGAGES—SECURED TRANSACTIONS—MORTGAGE—FAIL-
   URE TO FILE.

   A chattel mortgage executed after the effective date of the
   Uniform Commercial Code is not secured against an assignee
   for the benefit of creditors, because it is not perfected,
   where a copy of the chattel mortgage was not filed with the
   Secretary of State (MCLA §§ 440.9301; 440.9401).

2. CHATTEL MORTGAGES—SECURED TRANSACTIONS—SECURITY INTEREST
   —VALIDITY—PROPER PLACE OF FILING—ASSIGNEE FOR BENEFIT OF
   CREDITORS.

   A security interest, imperfected because not recorded in ac-
   cordance with the statute, is subordinate to the rights of
   another lien creditor without knowledge of the security
   instrument; an assignee for the benefit of creditors is a
   lien creditor (MCLA §§ 440.9301, 440.9401).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur 2d, Chattel Mortgages §§ 102, 105, 106.
[2] 15 Am Jur 2d, Chattel Mortgages §§ 104, 107, 135.
[3] 15 Am Jur 2d, Chattel Mortgages § 109 *et seq.*

3. CHATTEL MORTGAGE—CONTINUING EARLIER CHATTEL MORTGAGE –
   FAILURE TO FILE—EFFECT.
   A chattel mortgage given to replace an earlier chattel mortgage
   is a new mortgage and must be filed as required by the stat-
   ute existing at the date of execution of the later chattel
   mortgage in order to perfect the security interest contained
   therein.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted Division 1 December 10, 1968, at Detroit.
(Docket No. 5,143.)    Decided June 26, 1969.

Claim by The Larson Company, a co-partner-
ship, against Daniel N. Pevos as assignee for the
benefit of creditors of Dean Monagin, Inc. for the
full amount of a debt owed by Dean Monagin, Inc.
From an order disallowing claimant's claim as a
secured claim, claimant appeals.    Affirmed.

*William A. Ortman,* for claimant.

*Lebenbom, Handler & Brody,* for assignee.

Before: McGREGOR, P. J., and FITZGERALD and
CYNAR,* JJ.

CYNAR, J.  On June 6, 1967, Dean Monagin, Inc.
executed an assignment to Daniel N. Pevos as as-
signee for the benefit of creditors of said corpora-
tion, whereby the assignor did grant, bargain and
sell unto the assignee all of assignor's property not
exempt from execution.

On June 19, 1967, the assignee filed a petition
for an order to show cause to be heard on June
26, 1967, why property identified in the inventory
and appraised as Northwest model 41 backhoe serial
#20328 (1958) poor bottom, 1 yd. bucket, Murphy
Model #2 Diesel, approximate cost $50,000 ap-
praised value $11,500 on which property Larson

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

Company claimed a lien, should not be sold at a
public auction on July 8, 1967, and the lien or claim
of liens of creditor be transferred to proceeds of
sale. Although the Larson Company did have notice
of the June 26, 1967, hearing date for the show
cause proceeding, it failed to appear for the hear-
ing. The Oakland County Circuit Court on June
26, 1967, ordered the claimed lien of the Larson
Company transferred to proceeds of a proposed
auction sale. The said property was sold for
$8,800 at a public auction on July 8, 1967.

On August 3, 1967, the Larson Company filed with
the circuit court a proof of claim listing a claim
in the amount of $11,755, the debt being contracted
April 23, 1965, which was secured by a chattel
mortgage and series of notes. The chattel mort-
gage dated April 23, 1965, and filed with the Oak-
land county register of deeds on April 26, 1965,
identified and warranted the following property as
free and clear from all liens:

1—Northwest model 41 pull shovel
#20328–19309P Eng. #20692

The chattel mortgage recites a debt of $12,000 to
be paid off in monthly installments from May
through December, 1965.

On November 27, 1967, the assignee filed a notice
of hearing for December 19, 1967, on its objection
to the claim of the Larson Company, contending the
claim should be treated as an unsecured claim.

At the show cause hearing on December 19, 1967,
the assignee, in support of its position, stated that
the Larson Company filed a claim in the amount
$11,755 claiming a chattel mortgage as security.
The Larson Company was notified that a hearing
would take place to determine why its lien, if any,
should not be transferred to the proceeds of an

auction sale on or about July 10, 1967. The Larson
Company did not appear for the hearing, and the
shovel was sold for $8,800. The assignee Pevos
contended that the lien was invalid under MCLA
§ 440.9301 (Stat Ann 1964 Rev § 19.9301[2]) be-
cause an imperfected security interest is sub-
ordinate to the rights of another lien creditor with-
out knowledge of the security interest and before
it is perfected. MCLA § 440.9301 (Stat Ann 1964
Rev § 19.9301[3]), the assignee for the benefit of
creditors herein was such a lien creditor and, un-
less all the creditors represented had knowledge of
the security interest, such a representative of credi-
tors is a lien creditor without knowledge. Pursu-
ant to MCLA § 440.9401 (Stat Ann 1964 Rev § 19-
.9401), the proper place to file to perfect the security
instrument was with the office of the Secretary of
State; and since this was not done on June 6, 1967,
the lien is invalid and the claim is unsecured.

The Larson Company argued that its claim was a
continuing claim which existed prior to the passage
of the Uniform Commercial Code (PA 1962, No
174). The claim originated in 1955 and was on a
continuing basis from 1955 to the time of the as-
signment for the benefit of creditors. Further,
from 1955 until 1965, there was notice to all credi-
tors; and the Larson Company had a valid and
existing claim against the property covered by the
chattel mortgage. Further, based on § 9402 of the
Uniform Commercial Code (MCLA § 440.9402 [Stat
Ann 1964 Rev § 19.9402]), a filing made in good
faith in an improper place or not in all places
required by this section was still effective to protect
the Larson Company as a secured creditor.

The court ruled that the chattel mortgage was a
new mortgage, that a filing with the Secretary of
State pursuant to the new act was required, and

since this was not done, the claim was unsecured. The February 5, 1968, order of the court provided that the security instrument had not been properly perfected pursuant to MCLA § 440.9401 (Stat Ann 1964 Rev § 19.9401) and the assignee was a lien creditor whose rights were superior to an imperfected security instrument pursuant to MCLA § 440-.9301 (Stat Ann 1964 Rev § 19.9301[3]).

The proof of claim filed on August 3, 1967, in behalf of the Larson Company alleges the debt was contracted on April 23, 1965, and there is no contrary proof or argument to explain the claimant's own sworn proof of claim. The chattel mortgage involved herein, after the closest scrutiny, fails to support the claimant in its argument that the claim was a continuing claim from a date prior to the adoption of the Uniform Commercial Code in Michigan, which date was January 1, 1964, MCLA § 440-.9991 (Stat Ann 1964 Rev § 19.9991).

On the date the chattel mortgage was executed and recorded with the Office of the Register of Deeds, MCLA § 440.9401 (Stat Ann 1964 Rev § 19-.9401) provided as follows:

"(1) The proper place to file in order to perfect a security interest is as follows:

*   *   *

"(d) in all other cases, in the office of the secretary of state."

Filing with the Office of the Secretary of State was requisite to the perfection of a security interest alleged by the appellant. No security agreement was filed with the Office of the Secretary of State.

Appellant contends that a filing made in good faith in an improper place is still effective to protect the Larson Company as a secured creditor. MCLA

§ 440.9401 (Stat Ann 1964 Rev § 19.9401[2]) provides as follows:

"(2) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

It would appear under subsection (2) that, if the security instrument covered several types of collateral requiring different filing procedures, the security interest would be perfected with respect to the collateral against which the filing is proper, but unperfected as against the collateral which required another place of filing. In this matter, failure to file with the Secretary of State and recording of the chattel mortgage in the county was not sufficient to perfect the security instrument.

MCLA § 440.9301 (Stat Ann 1964 Rev § 19.9301) provides:

"(1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of
                    *   *   *
"(b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected;
                    *   *   *
"(3) A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of the petition or a receiver in equity from the time of appointment. Unless all the creditors represented had knowledge of the security interests such a rep-

resentative of creditors is a lien creditor without knowledge even though he personally has knowledge of the security interest."

The appellant having an unperfected security interest is subordinate to the lien creditor; the assignee for the benefit of creditors.

The trial court correctly held that the claim of the Larson Company was unsecured.

Affirmed with costs to appellee.

All concurred.