Johet P. Oohalaw, Jr., J.
Petitioners Zygadlo seek an order preventing distribution of the proceeds of the sale of personal property and assets of the respondent debtor H & H Superette, Inc. by the assignee, and for a preference in the payment of their claim from the funds resulting from the sale. The Zygadlos state that on January 20, 1969 they sold and assigned to one Bonneau all of their right, title and interest in II & H Superette, Inc., a corporation doing business in Huntington, New York. There was $7,000 then owing, with interest, to the petitioners, which has since been reduced to $1,700. The obligation is evidenced by a Uniform Commercial Code financing statement which was filed in the Suffolk County Clerk’s office in January, 1969. This statement sets forth the items of property as follows: ‘1 Personal property including inventory, equipment; fixtures and any other property presently on the business premises of h & h superette, ietc., 396 New York Avenue, Huntington, New York ”.
*758 The financing statement was not filed with the Secretary of State as required by section 9-401 (subd. [1], par. [c]) of the Uniform Commercial Code. The financing statement does not indicate whether any of the items referred to in section 9-401 (subd. [1], pars, [a] and [b]) of the Uniform Commercial Code are included therein.
There is nothing in the record to show the specific items which are covered by the security statement. A detailed statement of the items of sale is not included in the record. Which of the assets sold may be deemed included within section 9-401 (subd. [1], pars, [a] and [b]) of the Uniform Commercial Code does not appear in the papers before the court.
It would appear that some of the items which are the subject of a financing statement, should have been included in the financing statement filed with the Secretary of State (Uniform Commercial Code, § 9-401, subd. [1], par. [c]). See 53 N. Y. Jur., Secured Transactions, §§ 163-165, pp. 495-500. Also, see, Ann. 30 ALB 3d, pp. 9-120 and specifically §§ 20 and 21, pp. 66-73. The subject is discussed in the 1970 supplement to vol. 30 ALB 3d, p. 5, § 21 as follows: “If security interest covers several types of collateral requiring different filing procedures, security interest would be perfected with respect to collateral against which filing is proper, but unperfected as against collateral which required another place of filing; held, failure to file with secretary of state and recording of chattel mortgage in county was not sufficient to perfect security interest in chattel mortgage. Be Dean Monagin, Inc., 18 Mich. App. 171, 170 NW 2d 924”.
There does not appear to be a case in point in the State of New York.
Also, see, Matter of Lux’s Superette (206.F. Supp. 368 [U. S. Dist. Ct., E. D. Pa.]) at page 73 of 30 ALB 3d: “ A conditional seller’s security interest in store fixtures and equipment was held not perfected in Be Lux’s Superette, Inc. (1962, DC Pa) 206 F Supp 368, where the conditional seller filed a financing statement with a county prothonotary, but not with the secretary of the commonwealth as required by pre-1959 Code § 9-401 (1) (a), and the conditional buyer later went bankrupt. The court said that under Code § 9-302, a security interest is perfected by filing a financing statement, and that under pre-1959 Code § 9-401 (1) (a), the proper filing was with the secretary of the commonwealth, and if the debtor’s business was in a single county, then also with the county prothonotary. In holding that the conditional seller’s petition for reclamation of the equipment was properly denied by the referee in bankruptcy, *759 the court rejected the conditional seller’s argument that it made a good-faith filing under Code § 9-401 (2). The court said that 'Code § 9-401 requires either a proper filing as to some property, or knowledge by creditors of the filing of a financing statement in one, although not in both, of those places, and that neither of those conditions was present in the instant case Upon the record the court cannot grant the relief sought, since it cannot be determined from the record whether any of the items included in the financing statement are fixtures which may be deemed a part of the real estate within the meaning of section 9-401 (subd. [1], par. [b]) of the Uniform Commercial Code. Petitioners may be entitled to some relief if they can establish what items are fixtures within that provision of the law and which were included in the financing statement. Thus the filing of the statement with the County Clerk’s office affords security for such items to the petitioners. (See Pennsylvania Banks and the Uniform Commercial Code, by Carl W. Funk, pp. 28, 35-36, 44-47, Filing and Equipment Affixed to Realty. Also, see, treatise by Homer Kripke, Fixtures Under the Uniform Commercial Code, 64 Col. L. Rev., 44, 51 and 52.)